UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
AYAL ROSENTHAL,

                     Plaintiff,

             -against-                                    08 Civ. 5338 (LAK)

NEW YORK UNIVERSITY, et al.,

                     Defendants.
------------------------------------------------x

|   |
|---|
| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED #: 7/21/09 |

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        In 2005, plaintiff Ayal Rosenthal, then an employee of Pricewaterhouse Coopers ("PwC") and a part-time M.B.A. student at the Stern School of Business of New York University ("NYU"), tipped his brother, Amir, to material non-public information regarding a transaction involving publicly traded companies to which he became privy through his job at PwC. On February 8, 2007, just two weeks after he participated in the NYU graduation ceremony that he expected would mark the attainment of his degree, he pleaded guilty to conspiracy to commit securities fraud. After internal proceedings, NYU declined to grant the degree.

        Rosenthal here sues for a determination that the degree in fact was awarded and for damages. Jurisdiction is based on diversity of citizenship. Defendants move to dismiss the first amended complaint pursuant to Rule 12(b)(6). The parties have submitted certain materials outside the complaint. To the extent that they are integral to the complaint in the sense that the complaint relies heavily upon their terms and effect, they are properly considered on this motion. *E.g., Chambers v. Time Warner, Inc.,* 282 F.3d 147, 153 (2d Cir. 2002). To the extent that they are not, the Court declines to consider them and thus does not convert the motion into one for summary judgment.

        This order assumes familiarity with the complaint and the record properly before the Court on the motion.

*The Contract Claims*

      1.     *Count II*

Count II alleges that Rosenthal completed all the requirements for the MBA degree by January 22 and graduated on January 25, 2007, but that NYU breached the implied contract between them by refusing to furnish his diploma, by purporting to withdraw the degree, and by changing its records to show that he had not earned the degree that had been conferred on him. NYU contends that the degree in fact never was awarded because NYU's president and board, whose approval was essential to the award of the degree, never was obtained in consequence of the disciplinary action taken by the university.

Whatever the other terms of any implied contract between Rosenthal and NYU, they necessarily include NYU's charter and bylaws. Section 63(a) of the bylaws provides that "[d]egrees in course are granted by the Board to candidates recommended by the President...." Cooley Reply Decl. Ex. 1. Plaintiff does not allege that the president ever recommended the grant, or that the board ever granted, a degree to him. The fact that he participated in graduation exercises and that his transcript at one point contained an entry to the effect that the degree had been awarded is insufficient to overcome this failure. As Count II proceeds on the premise that the degree actually was awarded, it fails as a matter of law.

      2.     *Count V*

Count V alleges breach of contract by NYU's failure to adhere to various provisions of its own rules and procedures. While plaintiff has attached to the complaint a letter by Dean Cooley (Cpt Ex L) that contains extensive argument as to whether that is the case and, if so, whether there was any material problem with the proceedings and relies upon various materials *de hors* the complaint, these issues are not appropriate for disposition on a motion to dismiss, whatever the likelihood of this claim surviving a motion for summary judgment.

*Conversion*

The conversion count proceeds on the premise that NYU conferred the degree on Rosenthal and improperly has exercised dominion over his diploma by refusing to give it to him. In view of the ruling as to Count II, Rosenthal would not be entitled to a diploma at this juncture, even assuming a diploma in his name existed. Accordingly, Count III is insufficient.

*Tortious Interference With Contract*

Count IV asserts that Dean Cooley and defendant Ochoa violated various NYU rules

and procedures in connection with the complaint against Rosenthal and thereby interfered with Rosenthal's implied contract with NYU.

"Tortious interference with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom." *Fusco v. Fusco,* 36 A.D.3d 589, 591, 829 N.Y.S.2d 138, 140 (2d Dep't. 2007) (quoting *Lama Holding Co. v. Smith Barney,* 88 N.Y.2d 413, 424, 646 N.Y.S.2d 76 (1996)). Here, it is quite doubtful whether the complaint sufficiently alleges that either individual defendant intentionally procured any breach of NYU of its alleged contract with plaintiff, let alone that either did so without justification. But it is unnecessary to rest on that ground. Employees or agents are not liable, on a theory of tortious inducement, for inducing breach of contract by their principals absent the use of wrongful means such as fraud, malice or self interest. *E.g., Cohen v. Davis,* 926 F. Supp. 399, 403-04 (S.D.N.Y. 1996). There are no such allegations here. Accordingly, Count IV must be dismissed.

*The Article 78 Counts*

Article 78 proceedings are procedural vehicles created by New York law. While they are used most frequently to obtain judicial review of administrative action, their permitted uses are far broader and, as NYU implicitly concedes, would include review of at least some of its actions complained of by plaintiff. It seeks dismissal of Counts VI through VIII, however, on the ground that Article 78 proceedings are cognizable only in the state courts.

While the Court recognizes that there are expressions more or less to that effect in district court decisions, many either were *dicta* or were made in the context of explaining declinations to exercise discretionary jurisdiction. Jurisdiction in this case, however, is grounded in diversity of citizenship. The scope for a discretionary declination of such jurisdiction, if any there is, is exceedingly narrow; NYU in any case does not suggest that any exists here. Thus, the question is presented starkly whether a federal district court having diversity jurisdiction may consider a claim for relief grounded in the substance of CPLR Article 78. For substantially the reasons put forth by Judge Mukasey in *Casale v. Metropolitan Transporation Authority,* No. 05 Civ. 4232 (MBM), 2005 WL 3466405 (S.D.N.Y. Dec. 19, 2005), this Court is quite persuaded that it may and, at least in the circumstances of this case, that it must.[1] As NYU has not otherwise challenged the sufficiency of

---

[1] This of course is not to say that the same procedural characteristics that obtain in state court Article 78 proceedings necessarily will obtain here. *See, e.g., United States v. Stein,* 452 F. Supp.2d 230, 271-73 (S.D.N.Y. 2006) (federal court with subject matter jurisdiction would apply state law that would be applicable in a state court summary proceeding to determine employees' right to advancement of defense costs but apply federal procedural law), *vacated on other grounds sub nom. Stein v. KPMG, LLP,* 486 F.3d 753 (2d Cir. 2007).

these counts on this motion, its motion to dismiss Counts VI through VIII must be denied.

*The Declaratory Judgment Count*

Count I seeks a declaration that NYU conferred a degree on plaintiff on January 22, 2007 and related relief. In view of the disposition of Count II, that prayer for relief is not viable.

*Conclusion*

For the foregoing reasons, defendants' motion to dismiss the first amended complaint is granted to the extent that Counts I, II, III and IV are dismissed and denied in all other respects. As it is not entirely clear that plaintiff could not amend Count II to state a legally sufficient claim for breach of contract (consisting perhaps of the failure to award the degree), this ruling is without prejudice to his filing, on or before August 1, 2009, a second amended complaint.[2]

SO ORDERED.

Dated: July 21, 2009

Lewis A. Kaplan
United States District Judge

---

[2] Any change in the existing pleading shall be limited to repleading Count II.