New York University Office of Legal Counsel
Nancy Kilson (NK 4557)
70 Washington Square South
New York, New York 10012
Tel.:   (212) 998-2258
Fax:   (212) 995-3048
Attorney for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

AYAL ROSENTHAL,

       Plaintiff

   v.                                                                                          08 CV 5338 (LAK)
                                                                                                             ECF Case

NEW YORK UNIVERSITY, NEW YORK                              **ANSWER TO THE**
UNIVERSITY LEONARD N. STERN SCHOOL                **SECOND**
OF BUSINESS,  and THOMAS F. COOLEY, Richard R.   **AMENDED COMPLAINT**
West Dean of the Leonard N. Stern School of
Business,

       Defendants.
_____

       Defendants, New York University ("NYU" or the "University"), the New York University Leonard N. Stern School of Business ("Stern"), and Thomas F. Cooley (collectively, "Defendants"), by their undersigned attorneys, respond as follows to the Second Amended Complaint (the "Complaint") of the plaintiff, Ayal Rosenthal ("Rosenthal"):

1. Deny the allegations of paragraph 1 of the Complaint, except admit that Defendants determined that Rosenthal should not receive an MBA degree.

2. Deny the allegations of paragraph 2 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Rosenthal's employment, and admit that Rosenthal made certain payments to NYU.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Complaint, and refer to the letter and transcript cited in that paragraph for a true and accurate statement of their contents.

4. Deny the allegations of paragraph 4 of the Complaint, except admit that Rosenthal made certain payments to NYU.

5. Deny the allegations of paragraph 5 of the Complaint, except admit that Defendants declined to allow Rosenthal to receive a degree because of his guilty plea, and aver that Rosenthal pled guilty to a one-count information alleging conspiracy to commit securities fraud.

6. Deny the allegations of paragraph 6 of the Complaint, except refer to the decision of the Stern Faculty cited in that paragraph for a true and accurate statement of its contents.

7. Deny the allegations of paragraph 7 of the Complaint.

8. Deny the allegations of paragraph 8 of the Complaint.

9. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations of paragraph 9 of the Complaint.

10. Admit the allegations of paragraph 10 of the Complaint, except aver that New York University is a New York Education Corporation.

11. Admit the allegations of paragraph 11 of the Complaint, except deny that Stern is either a legal entity or a citizen of any state.

12. Admit the allegations of paragraph 12 of the Complaint.

13. State that paragraph 13 of the Complaint states legal conclusions to which no responsive pleading is required, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14. Admit the allegations of paragraph 14 of the Complaint.

15. Admit the allegations of paragraph 15 of the Complaint.

16. Admit the allegations of paragraph 16 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Rosenthal's employment history.

17. Deny the allegations of paragraph 17 of the Complaint, except admit that Rosenthal served as a Teaching Fellow while a student at Stern.

18. Deny knowledge or information concerning the truth of the allegations of paragraph 18 of the Complaint.

19. Deny the allegations of paragraph 19 of the Complaint.

20. Refer to the letter cited in paragraph 20 of the Complaint for a true and accurate statement of its contents, and otherwise deny the allegations of paragraph 20.

21. Refer to the documents cited in paragraph 21 of the Complaint for a true and accurate statement of their contents, and otherwise deny the allegations of paragraph 21.

22. Deny the allegations of paragraph 22 of the Complaint, except deny knowledge or information sufficient to form a belief as to Rosenthal's attendance at a graduation ceremony.

23. Deny the allegations of paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint, except aver that Rosenthal committed the crime related to his guilty plea while he was a Stern student.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 25 of the Complaint, except admit that Rosenthal entered a guilty plea in February 2005 and aver that he received a two-month jail sentence according to publicly available information.

26. Responding to paragraph 26 of the Complaint, refer to the document cited in that paragraph for a true and accurate statement of its contents.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29 of the Complaint, except refer to the document cited in that paragraph for a true and accurate statement of its contents.

30. Deny the allegations of paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the Complaint.

32. Deny the allegations of paragraph 32 of the Complaint.

33. Deny the allegations of paragraph 33 of the Complaint, except admit that NYU did not send a Stern diploma to Rosenthal.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the Complaint, except refer to the Faculty Complaint cited in that paragraph for a true and accurate statement of its contents, and deny that the Board of Trustees approved award of a degree to Rosenthal.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 of the Complaint, except deny the allegation that the University failed to comply with its policy.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37 of the Complaint.

38. Deny the allegations of paragraph 38 of the Complaint, except refer to the Faculty Complaint cited in that paragraph for a true and accurate statement of its contents.

39. Admit the allegations of paragraph 39 of the Complaint, except refer to the documents cited in that paragraph for a true and correct statement of their contents.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 40 of the Complaint, except refer to the document cited in that paragraph for a true and accurate statement of its contents.

41. Deny the allegations of paragraph 41 of the Complaint, except refer to the document cited in that paragraph for a true and accurate statement of its contents.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint, except deny the allegation that the Faculty Complaint contained prejudicial factual errors.

43. Refer to the documents cited in paragraph 43 of the Complaint for a true and accurate statement of their contents, and otherwise deny the allegations of paragraph 43.

44. Deny the allegations of paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46 of the Complaint, except refer to the document cited in that paragraph for a true and accurate statement of its contents, and aver that it contains an incorrect analysis of the disciplinary rules applicable to this case.

47. Deny the allegations of paragraph 47 of the Complaint.

48. Deny the allegations of paragraph 48, except refer to the documents cited in that paragraph for a true and accurate statement of their contents.

49. Deny the allegations of paragraph 49 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning Rosenthal's counsel.

50. Deny the allegations of paragraph 50 of the Complaint.

51. Deny the allegations of paragraph 51 of the Complaint.

52. Deny the allegations of paragraph 52 of the Complaint.

53. State that paragraph 53 of the Complaint contains legal conclusions to which no responsive pleading is required, and otherwise deny the allegations of paragraph 53.

54. Admit the allegations of paragraph 54 of the Complaint.

55. Refer to the document cited in paragraph 55 of the Complaint for a true and accurate statement of its contents.

56. Deny the allegations of paragraph 56 of the Complaint, except refer to the document cited in that paragraph for a true and accurate statement of its contents.

57. Deny the allegations of paragraph 57 of the Complaint, except refer to the document cited in that paragraph for a true and accurate statement of its contents.

58. Refer to the document cited in paragraph 58 of the Complaint for a true and accurate statement of its contents.

59. Refer to the document cited in that paragraph 59 of the Complaint for a true and accurate statement of its contents.

60. Deny the allegations of paragraph 60 of the Complaint, except refer to the document cited in that paragraph for a true and accurate statement of its contents.

61. Deny the allegations of paragraph 61 of the Complaint.

62. Responding to paragraph 62 of the Complaint, repeat and reallege their responses to paragraphs 1 through 61 as if fully set forth here.

63. State that paragraph 63 of the Complaint asserts a legal conclusion to which no responsive pleading is required, and otherwise deny the allegations of paragraph 63 of the Complaint.

64. Deny the allegations of paragraph 64 of the Complaint.

65. Deny the allegations of paragraph 65 of the Complaint.

66. Deny the allegations of paragraph 66 of the Complaint.

67. State that paragraph 67 of the Complaint asserts a legal conclusion to which no responsive pleading is required, and otherwise deny the allegations of paragraph 67 of the Complaint.

68. Responding to paragraph 68 of the Complaint, repeat and reallege their responses to paragraphs 1 through 67 as if fully set forth here.

69. State that paragraph 69 of the Complaint asserts a legal conclusion to which no responsive pleading is required, and otherwise deny the allegations of paragraph 69 of the Complaint.

70. Deny the allegations of paragraph 70 of the Complaint, except admit that Rosenthal completed certain credit hours and paid certain fees required for the MBA degree.

71. Deny the allegations of paragraph 71 of the Complaint.

72. Deny the allegations of paragraph 72 of the Complaint.

73. Deny the allegations of paragraph 73 of the Complaint.

74. Responding to paragraph 74 of the Complaint, repeat and reallege their responses to paragraphs 1 through 73 as if fully set forth here.

75. Deny the allegations of paragraph 75 of the Complaint, except admit that Rosenthal completed certain credit hours and paid certain tuition and fees to NYU.

76. Deny the allegations of paragraph 76 of the Complaint, except admit that NYU and Stern have declined to confer a diploma upon Rosenthal.

77. Deny the allegations of paragraph 77 of the Complaint.

78. Deny the allegations of paragraph 78 of the Complaint.

79. Responding to paragraph 79 of the Complaint, repeat and reallege their responses to paragraphs 1 through 78 as if fully set forth here.

80. State that paragraph 80 of the Complaint asserts a legal conclusion to which no responsive pleading is required, and otherwise deny the allegations of paragraph 80 of the Complaint.

81. Deny the allegations of paragraph 81 of the Complaint, except admit that Rosenthal completed certain credit hours and paid certain fees to NYU.

82. Deny the allegations of paragraph 82 of the Complaint.

83. Deny the allegations of paragraph 83 of the Complaint.

84. Responding to paragraph 84 of the Complaint, repeat and reallege their responses to paragraphs 1 through 83 as if fully set forth here.

85. State that paragraph 85 of the Complaint asserts a legal conclusion to which no responsive pleading is required, and otherwise deny the allegations of paragraph 85 of the Complaint.

86. Deny the allegations of paragraph 86 of the Complaint.

87. Responding to paragraph 87 of the Complaint, repeat and reallege their responses to paragraphs 1 through 86 as if fully set forth here.

88. State that paragraph 88 of the Complaint asserts legal conclusions to which no responsive pleading is required, and otherwise deny the allegations of paragraph 88 of the Complaint.

89. Deny the allegations of paragraph 89 of the Complaint.

90. Responding to paragraph 90 of the Complaint, repeat and reallege their responses to paragraphs 1 through 89 as if fully set forth here.

91. State that paragraph 91 of the Complaint asserts legal conclusions to which no responsive pleading is required, and otherwise deny the allegations of paragraph 91 of the Complaint.

92. Deny the allegations of paragraph 92 of the Complaint.

## **Affirmative Defenses**

### **FIRST AFFIRMATIVE DEFENSE**

93. The Complaint fails to state a claim on which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**

94. The Court has previously granted Defendants' motion to dismiss Counts One and Three of the Complaint, which are, therefore, barred by the law of the case doctrine.

### **THIRD AFFIRMATIVE DEFENSE**

95. Stern is not a legal entity with the capacity either to be sued or to respond to any judgment.

**FOURTH AFFIRMATIVE DEFENSE**

96.   The authority to impose discipline on a student for misbehavior, including but not limited to expulsion, is an inherent attribute of the University, committed to its discretion.

**FIFTH AFFIRMATIVE DEFENSE**

97.   The question whether to confer a degree upon Rosenthal is an academic matter solely committed to the University's discretion as a matter of law and not a proper question for this Court to determine.

**SIXTH AFFIRMATIVE DEFENSE**

98.   The hearing that the University provided to Rosenthal reasonably complied with the University's applicable policies and procedures which form a part of the contract between the parties, and was sufficient to authorize the University to dismiss Rosenthal and decline to award him a degree.

**SEVENTH AFFIRMATIVE DEFENSE**

99.   In a previous version of the Complaint, Rosenthal admitted that the Stern faculty "voted not to recommend Mr. Rosenthal to the NYU President and Board of Trustees for an MBA degree." First Amended Complaint. ¶ 53.  Rosenthal's current assertion to the contrary has no good faith basis.

**EIGHTH AFFIRMATIVE DEFENSE**

100.   Rosenthal's purported conversion claim is improperly duplicative of his breach of contract claim(s).

### NINTH AFFIRMATIVE DEFENSE

101. In his Complaint, Rosenthal grossly understates the gravity of the criminal conduct in which he engaged.

### TENTH AFFIRMATIVE DEFENSE

102. If he were entitled to a recovery, which he is not, Rosenthal would not be entitled to recover damages, which would be unduly speculative.

### ELEVENTH AFFIRMATIVE DEFENSE

103. If he were entitled to prevail, which he is not, the only remedy available to Rosenthal would be a new disciplinary hearing.

### TWELFTH AFFIRMATIVE DEFENSE

104. The purported seventh claim for relief fails as a matter of law because the disciplinary hearing was not a trial-type hearing to which CPLR § 7803(4) applies.

WHEREFORE, Defendants demand judgment dismissing the Complaint, and awarding them their costs and attorneys' fees incurred by reason of this action, together with such other and further relief as is just and proper.

Dated: New York, New York
August 17, 2009

           New York University
           Office of Legal Counsel

By:   s/_____
      Nancy Kilson (NK-4557)
      Associate General Counsel
      70 Washington Square South
      New York, New York   10012
      (212) 998-2258
      nancy.kilson@nyu.edu

      Attorney for Defendants,
      New York University, New York
      University Leonard N. Stern School
      of Business, and Thomas Cooley