Nancy Kilson (NK 4557)
New York University Office of General Counsel
70 Washington Square South, Rm. 1158
New York, New York 10012
(212) 998-2258

NOV 1 · 2009

~~ SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 11/13/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AYAL ROSENTHAL,

Plaintiff,

-against-

NEW YORK UNIVERSITY, et al.,

Defendant.

**STIPULATION AND ORDER
OF CONFIDENTIALITY**

08-cv-5338 (LAK)

Counsel having given their consent,

**IT IS HEREBY ORDERED THAT**:

1.      This Stipulation and Order of Confidentiality ("Stipulation and Order") shall govern

the use of all transcripts of depositions, answers to interrogatories, responses to requests for

admissions, and all documents that may be produced in response to the parties' discovery requests,

marked as exhibits during depositions or used at other times in this litigation to the extent such

documents are deemed "Confidential" pursuant to this Stipulation and Order.

2.      Either party may deem material produced in discovery to be Confidential that such

party deems in good faith to constitute a trade secret or other highly sensitive, proprietary or

personal information.

3.      The parties will endeavor to designate and mark all such Confidential information and

materials as "Confidential" prior to their disclosure or production in this matter. Similarly, any

counsel shall designate those portions of a deposition transcript of a witness, whether or not the

{330053;1}

witness is represented by such counsel, to be accorded protection pursuant to this Stipulation and Order. Each deposition transcript shall be considered Confidential for the first 15 days after it is received, to afford the parties time to designate portions of the transcript as Confidential if necessary.

4.      All discovery materials shall be used by counsel and the parties solely for the purposes of and in connection with this litigation. Neither party will attempt to publicize discovery materials of the adverse party.

5.      Subject to the requirements of paragraphs "7" and "9" of this Stipulation and Order, Confidential information or documents may only be disclosed to:

  (a)  The Court and Court personnel;

  (b)  Attorneys representing any party to this proceeding, and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this litigation;

  (c)  Consultants, advisors, experts and their employees retained or consulted by any party or counsel, but only for purposes of this litigation;

  (d)  The parties or any officers, directors, or employees thereof, but only for purposes of this litigation; and

  (e)  Witnesses or potential witnesses contacted by counsel in good faith, but only for the purpose of obtaining evidence or testimony for any deposition, hearing, trial or other proceeding in this litigation.

6.      All Confidential material produced in this action shall remain in the custody of the attorneys for the parties, provided to a party for review or an advisor, expert or consultant retained pursuant to paragraph 7 or as otherwise authorized by this Stipulation and Order.

7.      Prior to providing any potential witness, advisor, expert or consultant retained by a party or counsel with access to Confidential information which is not otherwise available to such

{330053;1}

- 2 -

person, that person shall have agreed, in writing, to abide by the terms of this Stipulation and Order. Nothing in this paragraph shall preclude Plaintiff from showing documents NYU has produced to NYU employees who are witnesses.

8.     In the event a party wishes to obtain an exemption from the terms of this Stipulation and Order and the parties are unable to agree on the scope of such exemption, the party seeking such exemption may apply to the Court for appropriate relief, and the party opposing such exemption shall have the burden of demonstrating to the Court why such exemption should not be granted. In the event a party applies to the Court for such relief, any material designated as Confidential which is at issue and submitted to the Court shall be filed under seal until such time as the Court orders otherwise.

9.     Confidential material submitted to the Court shall be placed under seal and shall not be subject to disclosure to any person other than as authorized herein, except upon further Order of the Court upon good cause shown. If Confidential material is quoted or attached in a filing, only that portion of the filing must be filed under seal.

10.     Within thirty (30) days of the termination of this action by entry of a final judgment that has become non-appealable, an order of discontinuance, or otherwise, counsel for the parties shall return all undestroyed originals and copies of Confidential information in their possession, control or custody, to the party that produced the Confidential information, the cost of which will be borne by the party seeking the return of the Confidential information.

11.     The issue of confidentiality of evidence at trial is specifically reserved for subsequent action by the Court.

12.     Any dispute arising under this Stipulation and Order shall be submitted to the Court for resolution. Moreover, the execution of this Stipulation and Order is without prejudice to the right

{330053;1}

- 3 -

of any party to apply to the Court at any time for additional protections or exceptions, or such other additional relief as may be necessary or appropriate.

13.    Nothing contained in this Stipulation and Order shall be deemed a waiver by any party of its right to object to the production and/or admissibility of any records on the grounds of relevance, materiality, privilege or otherwise.

14.    This Stipulation and Order, and the obligations of all persons set forth herein, shall survive the termination of this action and shall continue in full force and effect.

Dated:  October 23, 2009

CONSENTED TO:

**HERNSTADT ATLAS LLP**

By: _Edward Hernstadt_
Edward Hernstadt (EH 9569)

11 Broadway, Suite 615
New York, New York  10004
(212) 809 2501

*Attorneys for Plaintiff*

**NEW YORK UNIVERSITY
OFFICE OF GENERAL COUNSEL**

By: _Nancy Kilson_
Nancy Kilson (NK 4557)

70 Washington Square South
Room 1158
New York, New York  10012
(212) 998 2258

*Attorneys for Defendants*

Notwithstanding anything to the contrary herein:

1.   Any papers filed under seal in this action shall be made part of the public record on or after __11/13/2014__ unless the Court otherwise orders.

2.   Any person may apply to the Court for access to any papers filed under seal pursuant to this order. Should such an application be made, the person or persons who designated the sealed material as Confidential shall have the burden of establishing good cause for the continuation of the sealing order unless the Court previously made an individualized determination of the existence of good cause for sealing.

Dated: __11/13/09__

_Lewis A. Kaplan_
United States District Judge

**SO ORDERED:**

_____
LEWIS A. KAPLAN
United States District Judge