Edward Hernstadt (EH 9569)
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
212-809-2501
212-214-0307

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
AYAL ROSENTHAL,                                 :
                                                :
           Plaintiff,                          :    08-cv-5338 (LAK)
                                                :    ECF CASE
    v.                                        :
                                                :    DECLARATION OF AYAL
NEW YORK UNIVERSITY, NEW YORK                   :    ROSENTHAL IN SUPPORT
UNIVERSITY LEONARD N. STERN SCHOOL              :    OF PLAINTIFF'S MOTION
OF BUSINESS, and THOMAS F. COOLEY,              :    **FOR SUMMARY JUDGMENT**
Richard R. West Dean of the Leonard N. Stern    :
School of Business,                             :
                                                :
           Defendants                          :
------------------------------------------------x

    1.    I am Ayal Rosenthal, the plaintiff in this lawsuit, and I submit this Declaration in support of my motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

    2.    I was a resident of the State of New Jersey at all times relevant to my lawsuit against New York University, the Leonard N. Stern School of Business, and Thomas F. Cooley.

    3.    I was a Teaching Assistant or Grader for six classes while a Stern School student, including being a TA for a Professional Responsibility class. However, I did not take a Professional Responsibility class until the Spring semester of 2006, and did not TA a Professional Responsibility class until the Fall 2006.

    4.    On or about May 16, 2007, I spoke with Stern School Dean of

Students Gary Fraser to ask why I had not yet been sent my diploma, following a May 2, 2007 visit and telephone calls to the Stern School on May 14 and 15, 2007 in which I was told simply that there had been a delay. Dean Fraser, however, informed me that my diploma had been held up because of a faculty complaint filed against me months earlier relating to my guilty plea to conscious avoidance of federal securities law, and that the matter had been referred to the Stern School's Judiciary Committee to resolve the question of whether NYU and the Stern School had jurisdiction over this matter. This was the first time I learned that a faculty complaint had been filed against me.

5. On about May 18, 2007, Mel Ochoa contacted me and explained that it was not clear under University rules whether the MBA Judiciary Committee had jurisdiction over the Complaint, and that the Committee had to meet to debate the issue of jurisdiction.

6. After I spoke with Ochoa, he mailed me a copy of the faculty complaint, which I received on about May 23, 2007, and emailed me a copy of a three-page Memo he had written for the Judiciary Committee about the complaint. In response to the Ochoa Memo, I sent Dean Fraser a letter dated May 24, 2007 raising numerous questions about the Stern School's failure to provide me with many important due process protections I found in the NYU and Stern School rules and procedures. I never received a substantive response to this letter.

7. Ochoa contacted me numerous times in June and July 2007 regarding the disciplinary hearing he was trying to schedule. I was generally available in those months, up until about mid-July, when I left New Jersey to serve a two-month sentence for my guilty plea. Ochoa was never able to schedule a hearing when I was free, and stated that he doubted he would be able to do so in July or August, which would only be worse in regards to the

availability of student and faculty members of the Judiciary Committee, and suggested we defer the hearing to September. I was very unhappy that the Judiciary Committee had not scheduled a hearing in May, June or early July, but agreed in light of my impending incarceration.

        8.     At the disciplinary committee hearing of the faculty complaint against me on September 13, 2007, the faculty presented no evidence regarding any alleged or actual harm to the University arising from my conduct, and presented no evidence regarding whether my conduct had any impact at all, let alone seriously affected, my position in the academic community I had left almost a year earlier.

        9.     I was never sent any communication regarding jurisdiction by the NYU Office of Legal Counsel.

        I hereby declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

Dated: Tel Aviv, Israel
       February 1, 2010

_____
Ayal Rosenthal