Edward Hernstadt (EH 9569)
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
212-809-2501
212-214-0307

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
AYAL ROSENTHAL,                          :
                                         :
           Plaintiff,                    :       08-cv-5338 (LAK)
                                         :       ECF CASE
     v.                                  :
                                         :       **DECLARATION OF EDWARD**
NEW YORK UNIVERSITY, NEW YORK            :       **HERNSTADT IN SUPPORT**
UNIVERSITY LEONARD N. STERN SCHOOL       :       **OF PLAINTIFF'S MOTION**
OF BUSINESS, and THOMAS F. COOLEY,       :       **MOTION TO COMPEL**
Richard R. West Dean of the Leonard N. Stern :
School of Business,                      :
                                         :
           Defendants                    :
------------------------------------x

      1.    I am counsel to Plaintiff Ayal Rosenthal and submit this Declaration in support of Plaintiff's motion pursuant to Federal Rule of Civil Procedure ("FRCP") 37(a) to compel the deposition of Tim Colvin.

      2.    Mr. Colvin was the Chair of the Stern School Judiciary Committee in early 2007, and, according to documents produced by defendants, undertook an inquiry into whether the Stern School had jurisdiction to pursue disciplinary action against Mr. Rosenthal under NYU and Stern School Rules.

      3.    Last week I was advised that Mr. Colvin, who is not a party to this litigation, is represented by the NYU Office of General Counsel. Plaintiff was required to continue the efforts to find and serve Mr. Colvin with the Subpoena, however, because Defendants' counsel, Nancy Kilson, could not confirm that her office could accept service of

the subpoena on his behalf.

4. On December 21, 2009, after numerous attempts to locate and serve him, Mr. Colvin was served with a FRCP Rule 45 Subpoena calling for his deposition on December 30, 2009, and that same date I sent a copy of the Subpoena and notice of Mr. Colvin's deposition to Ms. Kilson. Copies of the Subpoena and the Notice of Deposition are attached hereto as Exhibit A. Because the last date for discovery in this case is December 31, 2009, it is necessary that the deposition take place as scheduled.

5. I have attempted to resolve the scheduling of the deposition with Ms. Kilson but was informed by her that she would not be available on December 30, 2009 for the deposition and that "this deposition will not proceed on that date, or on any other date, unless Judge Kaplan extends discovery, a request I intend to oppose." In response to my response to her that the NYU Office Of General Counsel had other attorneys, one of whom could presumably be present at the deposition, Ms. Kilson responded that "[t]here will be no deposition on 12/30, and if you make any arrangements to conduct one, it's on you."

6. Accordingly, Plaintiff hereby moves for an Order directing that the deposition of Tim Colvin take place pursuant to subpoena on December 30, 2009. Alternatively, Plaintiff respectfully reiterates the request contained in my letter to the Court of December 21, 2009, that the discovery period be extended to January 15, 2010.

7. I hereby declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
December 22, 2009

_____
Edward Hernstadt (EH-9569)

# EXHIBIT A

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| AYAL ROSENTHAL ) | |
| _Plaintiff_ ) | |
| v. ) | Civil Action No.  08-CIV-5338 (LAK) |
| NEW YORK UNIVERSITY, NYU STERN SCHOOL ) | |
| OF BUSINESS, AND THOMAS COOLEY ) | (If the action is pending in another district, state where: |
| _Defendant_ ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION
## OR TO PRODUCE DOCUMENTS IN A CIVIL ACTION

To: TIM COLVIN

☑ _Testimony:_ YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is _not_ a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Hernstadt Atlas LLP, 11 Broadway, Suite 615, NY, NY 10004 | Date and Time: 12/30/2009 10:00 am |
|---|---|

The deposition will be recorded by this method: __stenographically by a certified court reporter__

☑ _Production:_ You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
   Any and all documents relating to the Faculty Complaint dated February 28, 2007 against Ayal Rosenthal, including but not limited to emails.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __12/18/2009__

_CLERK OF COURT_                                         OR        _Edward_ [signature] 

_____                                         _____
_Signature of Clerk or Deputy Clerk_                                _Attorney's signature_

The name, address, e-mail, and telephone number of the attorney representing _(name of party)_  __Ayal Rosenthal__
_____, who issues or requests this subpoena, are:
Edward Hernstadt, Hernstadt Atlas LLP, 11 Broadway, Suite 615, New York, NY 1004

AO 88A (Rev. 01/09) Subpoena to Testify at a Deposition or to Produce Documents in a Civil Action (Page 2)

Civil Action No. 08-CIV-5338 (LAK)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the subpoena on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the subpoena at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the subpoena on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because _____ ; or

☐ Other *(specify)*:



Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
   (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
   (A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information;
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
      (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
   (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## Southern District of New York

Index Number: 08-CIV-5338(LAK)                                                           Date Filed: _____

Plaintiff:
AYAL ROSENTHAL

vs.

Defendant:
NEW YORK UNIVERSITY, et al.

Received by ASK Litigation Support, Inc. to be served on **TIM COLVIN, 515 West 52nd St. New York, NY 10019**.

I, Simon Kahn, being duly sworn, depose and say that on the **21st day of December, 2009** at **9:35 pm**, I:

delivered a true copy of the **Subpoena to Testify and Produce Documents** to Tim Colvin, who identified him/herself to me and was served in hand, at the actual place of residence indicated above.

**Additional Information pertaining to this Service:**
Attempts: 3:50 to 4:20 at business on 12/18, at residence @9:30pm and 12/19 @ 12:20pm.

**Description of Person Served:** Age: 42, Sex: M, Race/Skin Color: Caucasian, Height: 6'3", Weight: 190, Hair: Brown, Glasses: N

I am over the age of 18, not a party to this action, and reside in the State of New York.

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ____12/22/09____
                       DATE

Simon Kahn
0842361

ASK Litigation Support, Inc.
D/B/A Firm Service
211 East 43rd Street, Suite 1006
New York, NY 10017
(212) 481-9000
Our Job Serial Number: 2009000824

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5j

Edward Hernstadt (EH 9569)
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
212-809-2501
212-214-0307

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------x
AYAL ROSENTHAL,                   :
                                  :
         Plaintiff,               :     08-cv-5338 (LAK)
                                  :
    v.                            :
                                  :     NOTICE OF DEPOSITION
NEW YORK UNIVERSITY, NEW YORK     :
UNIVERSITY LEONARD N. STERN SCHOOL:
OF BUSINESS, and THOMAS F. COOLEY,:
Richard R. West Dean of the Leonard N. Stern :
School of Business,               :
                                  :
         Defendants               :
---------------------------------x

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, plaintiff Ayal Rosenthal will take the deposition of Tim Colvin upon oral examination, on December 30, 2009, at 10:00 a.m. at the offices of Hernstadt Atlas LLP, 11 Broadway, Suite 615, New York, New York, 10004, for the purpose of discovery or as evidence in this action. The deposition will be taken before a notary public or some other officer authorized to administer oaths in the United States and a certified shorthand reporter who will record the deposition stenographically. You are invited to attend and cross-examine.

Dated: New York, New York
December 21, 2009

                                        HERNSTADT ATLAS LLP

By: _____/s/ Edward Hernstadt_____
Edward Hernstadt (EH-9569)
11 Broadway, Suite 615
New York, New York 10004
(212) 809-2501
*Attorneys for Plaintiff Ayal Rosenthal*

To:    Nancy Kilson, Esq.
        NEW YORK UNIVERSITY OFFICE
           OF LEGAL COUNSEL
        70 Washington Square South, Rm. 1158
        New York, New York 10012
        (212) 998-2258
        Attorneys for Defendants