5

**University Policy on Student Conduct**

Preamble. The Bylaws of New York University, entrusting the "educational conduct" of each school to the faculty and officers of that school, provide that "subject to the approval of the Board and general University policy, it is the duty of each faculty member ... to make and enforce rules for the guidance and conduct of the students." These Bylaws also authorize the University Senate to act upon such matters which affect more than one school, and in these instances, the Senate speaks for the joint faculties of the University.

The University operates under a University common law, developed with respect to both substance and procedure over more than a century of existence, as well as under the University's Charter and Bylaws. In the past, questions of student conduct referred to disciplinary committees have generally concerned problems of academic honesty, such as cheating or plagiarism, and were properly dealt with by the single school involved. More recently, instances of questionable student conduct have involved problems such as the maintenance of order in University buildings and grounds in connection with protest demonstrations, and have frequently involved students from more than one school. In the light of this development, the Senate believes that a statement of University-wide policies on student conduct, reflecting the University common law is necessary.

1. Statement of Principles. It is our judgment that the University, like other communities and organizations in our society, has an inherent right to require the cooperation of its members in the performance of its educational functions, and to control and regulate the conduct and behavior of such members which tend to impede, obstruct, or threaten the maintenance of order and achievement of the University's educational goals. We further believe that the relationship between the University and its students is a

special educational relationship involving rights and obligations, as well as considerations and procedures, which are distinct from those in the courtroom, the political arena, or the marketplace, and that from the very nature of the University as an educational community both the substantive rules and the procedural processes related to student conduct must be equitable and just.

2. Basic Rules of Conduct. Students are expected to conduct themselves as mature and law-abiding members of both the University community and the general community, and to comply with requests of administrative authorities of the University for maintenance of order on University premises. Behavior which jeopardizes the health or safety of the University community, or disrupts the educational activities and supporting services of the University, is subject to review and possible penalty in accordance with the procedures and practices of the University and its colleges, schools, or divisions. Where activities sponsored by student organizations constitute violations of University rules or of public laws and regulations, sanctions may be imposed on such organizations as well as on individual students.

The University should not use its powers to interfere with the rights of a student outside the University campus. In general, a student's off-campus activities should be subject only to sanctions of the public authorities. Where a student is convicted of a violation of law, he should not be subject to University discipline for the same offense unless his conduct seriously affects his position as a member of the academic community. Where a student's conduct on campus constitutes violations of both University rules and public law, he may be subject to both University discipline and public sanctions.

3. Academic Freedom. The University is a community where the means of seeking to establish truth are open discussion and free discourse. It thrives on debate and dissent. Free inquiry, free expression, and free association are indispensable to the purposes of the

University, and must be protected as a matter of academic freedom within the University, quite apart from the question of constitutional rights.

Accordingly, conditions must be such as to allow this freedom for all. Causes may be supported by orderly means, but the University cannot tolerate suppression of ideas, nor the forceful disruption of the regular and essential operations of the University community. Regardless of sincerity, no individual or group of individuals has the right to disrupt or to interfere unreasonably with the workings of the colleges, schools, or divisions of the University or with the regular processes of education and service to its members. Regardless of moral impetus, no student or group of students has the right to deny the freedom of other members of the University community.

4. Invitations, Demonstrations, Protests. Students are entitled to invite and hear persons of their own choosing. Since no outside person or agency has an independent right to use University facilities, each must be directly or indirectly invited through appropriate University channels, and each is entitled to the courtesy owed by the University to an invited visitor. It is improper for students to harass the visitor or impede the purposes of his visit by violent means or threat, or by any other method that is offensive or unacceptable to an educational community. Forums are to be encouraged, particularly on subjects where there are differences of opinion. Career counseling and job interviewing are also considered a legitimate part of the activities of the University in support of its educational program. Where counseling or recruitment is connected with a controversial issue, every effort should be made to allow a general discussion of the issue, but apart from the job interviewing. Such discussion of the issue should not be considered a necessary condition precedent to counseling or interviewing. It is improper, as inconsistent with the purpose of the University, to subject speakers, recruiters, job interviewers, or other official visitors to political, social, or moral sanctions or tests.

It is expected that all such activities, whether forums, lectures, recruitment programs, job interviews and the like, will be conducted in a manner appropriate to an academic community. The right to engage in peaceful protest must be honored and protected, but such protests must take place in a manner that does not interfere with normal academic procedures. Freedom of discussion does not include the license to disrupt a meeting or interview. Demonstrations, including those which are described as peaceful, cannot be allowed to interfere with the rights of others to have normal access to the persons against whom the demonstration is addressed; nor can demonstrations be used to harass or intimidate other individuals or groups.

5. Use of University Facilities. The University administration necessarily has the right to control the access to and use of institutional facilities. If in the judgment of a University official, or an administrative officer of a college, school, or division, or a member of the faculty who has responsibility for a particular activity, a student or group of students or other persons are interfering with the rights of other individuals or groups, as above, said official has the right to ask the student or group of students to leave the room, hall, or building. Refusal of a student or group to do so after warning shall be considered a sufficient basis for the institution of disciplinary proceedings, subject to the defense in such proceeding that the order to leave was ultra vires or unreasonable.

6. Disciplinary Proceedings. The University Bylaws provide that the power of suspending or dismissing a student in any school is lodged with the faculty of that school, but the President or the Dean of a school may suspend a student pending consideration of his case by the faculty. Each faculty has the duty of enforcing not only its own rules of conduct but also, in appropriate cases, the University rules of conduct established by the Senate under the authority granted to it by the University Bylaws.

Student Disciplinary Procedures
(Approved by the University Senate on February 9, 1978.)

In order to ensure the smooth functioning of University activities and to implement the principles expressed in the University Policy on Student Conduct at New York University and the Rules for the Maintenance of Public Order, the Senate has established the following procedures for disciplinary action:

I. Division of Jurisdiction Between the Faculties of the Several Schools and Colleges and the Senate.

Under Sections 34(c), 61(b), and 62 of the Bylaws of New York University, jurisdiction over student disciplinary proceedings is granted under certain circumstances to the faculty of the school in which the student is enrolled and under other circumstances to the Senate. In order to carry out the intention of the Bylaw, the following areas of jurisdiction are designated:

A. Cases of Faculty Jurisdiction.
1. Cheating, plagiarism, forgery of academic documents with intent to defraud.
2. Disruption of a lecture hall, laboratory, or any other premises used for academic purposes.
3. Failure to return library books, or destruction of all or part of a library book or archival document.
4. Interference with access to classrooms, laboratories, or academic offices.
5. Physical detention or restraint of a student, instructor, University staff member, or administrator while that person is attempting to exercise his/her duties.

B. Cases of Senate Jurisdiction.
1. Disruptive or riotous activity in student residence halls by nonresident students, or student centers of nonacademic activity, such as the gymnasium.
2. Violation of dormitory rules by residents (but see I.E.4).
3. Forgery of instruments of identification with intent to defraud.
4. Theft of, or wanton damage to, University property.
5. Engaging in conduct which interferes with or disrupts any academic function involving more than one school, or which prevents or limits the free expression of ideas, or which physically obstructs or restrains another member of the University community or a visitor.
6. Failing to surrender University identification card upon request by clearly identifiable University personnel, or failing to comply with the direction of clearly identifiable University personnel in the performance of their assigned duties.

C. Resolution of Questions of Jurisdiction in Any Particular Case.
While questions of jurisdiction are not expected to be numerous or difficult, the following procedures shall be used where such questions arise:

1. Where a question arises as to whether a case should come within faculty or Senate jurisdiction, the question shall be referred for decision to the Office of Legal Counsel of the University.
2. The decision of the Office of Legal Counsel shall be both telephoned and mailed to each student who is the subject of the same or a similar complaint as the one in which the question of jurisdiction has been raised, to the Dean of the faculty of each school in which any such student is enrolled and to the Chairman of the University Judicial Board (hereinafter defined).
3. If either a student who is the subject of a complaint, or the Dean or Chairman of the Disciplinary Committee of a faculty in which such student is enrolled, or the Chairman of the University Judicial Board disagrees with the decision rendered by the Office of Legal Counsel, such person shall have the right to appeal the decision to the Committee on Organization and Governance of the University Senate.
4. The Office of the Secretary of the Senate must receive notice of such appeal no later than three days after the initial decision of the Office of Legal Counsel has been communicated to the person taking the appeal. In cases in which the student has been temporarily suspended or dismissed pending disciplinary proceedings, such notice of appeal must be received within eight hours.

D. Violations of Federal, State, or Local Law.
1. In addition to falling within one of the categories defined in I.A. or I.B. above, certain offenses may violate city, state, or federal laws. It is the policy of the University to discourage such acts by its members, and such offenses, or persons complaining of such offenses, may be referred to the appropriate outside authority. To the extent that such acts also fall within one of the categories defined in I.A. or I.B. above, they may also be subject to applicable disciplinary measures within the University.

E. Delegates of Jurisdiction.
1. Jurisdiction over offenses listed in I.A. above is in the faculty of the school in which the student is registered, and may but need not be delegated by the faculty to the Dean of that school or to the school's Discipline Committee or its equivalent (hereinafter referred to as "Discipline Committee" in all cases).
2. Offenses listed in I.B. above shall first be referred to the Vice President for Student Affairs or the equivalent person at the NYU Medical Center (all references hereinafter made to the Vice President for Student Affairs shall be deemed to include the equivalent person at the NYU Medical Center). The Vice President for Student Affairs shall meet with the student(s) complained against and shall try to resolve the matter with the consent of the student(s). In the absence of a resolution by the Vice President for Student Affairs, the matter shall be referred to the University Judicial Board (defined below).
3. In any case of an offense listed in I.B. above in which the Vice President for Student Affairs has been unable to achieve a resolution by consent, the case shall be referred to a new standing committee of the Senate to be known as the University Judicial Board.

NYU000254

a. The Board shall consist of twenty-one members all of whom shall be members of the Senate: including six students who shall be chosen by the Student Senators Council, six faculty members who shall be chosen by the Faculty Senators Council, six Deans who shall be chosen by the Deans Council, and three members chosen by the Administrative Management Council.

b. The Board shall elect its own chairperson.

c. Any case referred to the Board shall be heard and decided by a four-person panel consisting of one Senator from each constituency.

d. The Board shall adopt its own procedures for the selection of panels to hear individual cases, but such procedures shall be designed to achieve a fair system of rotation in which each member of the Board shall sit in a comparable number of cases and in which members of the Board sit in varying combinations.

e. The Senate shall temporarily increase the size of the Board at the request of the Board whenever the hearing and/or appellate caseload (defined below) requires it. Any such temporary increase shall include equal numbers of representatives from each of the constituencies comprising the Board.

f. Panels of the Board shall serve in place of the previously created University Review Board wherever any rules of the University call for the participation of the Review Board.

4. Jurisdiction over dormitory offenses shall lie with the Judiciary Committee of such residence and with the Residence Hall manager, in accordance with dormitory procedures, where established. If no Judiciary Committee exists, jurisdiction shall be the same as for other offenses listed in I.B. above.

II. Procedures

A. Filing and Notice of Complaint. Any member of the faculty, administration, or staff may file a complaint against any student for a student offense with the Dean of the school in which the student complained of is enrolled or with the Vice President for Student Affairs. Notice of the filing shall be mailed to the student within 48 hours.

B. Interim Suspension. A student should not be summarily suspended either completely or for certain purposes, except for reasons relating to his/her physical or emotional safety and well-being, the safety and well-being of students, faculty, staff, or University property, the maintenance of public order, or the effective continuation of the education process.

As provided in Bylaw 62, the President or the Dean of a school, or their respective representatives, depending on the nature of the infraction, may suspend a student pending consideration of his/her case. When this occurs, the student shall be afforded the opportunity to expedite disciplinary proceedings so as to enable the determination of the appropriate sanction, if any, at the earliest possible time, preferably within 48 hours. Any period of interim suspension shall be deducted from any ultimate sanction involving suspension.

C. Investigation and Notice of Hearing. Whenever a student discipline case has not been satisfactorily resolved by consent, the Discipline Committee of a faculty or the University Judicial Board shall conduct further proceedings. These proceedings may include such lawful investigatory actions as the Committee or Board deems appropriate under the circumstances. Thereafter, the Disciplinary Committee or the University Judicial Board shall send a written notice to the student advising him of the date and time of its hearing to take place not earlier than seven days after the sending of such notice except upon the consent of the student. Should the student fail to appear, the hearing may proceed and sanctions may be imposed in his/her absence.

D. Hearings. Each Discipline Committee and the University Judicial Board shall provide hearings and make decisions on all disciplinary cases within their respective jurisdictions. They shall conduct such proceedings as they deem appropriate, but shall include the following provisions:

1. That a tape recording be made of all hearings (to be forwarded to and preserved by the Secretary of the University until the appeal period has elapsed or until all appellate procedures have been completed).

2. That at the end of a hearing, a final written report shall be prepared and submitted to the Dean, the student, and the Secretary of the University within seven calendar days. The report shall state its findings of fact and the reasons for its decision.

3. That the student has the right to be accompanied by counsel or an adviser. The student or his counsel or an adviser shall have the right to examine and cross-examine each witness either by putting questions directly to the witness, or by asking questions through members of the hearing body. The method shall be determined by the hearing body, and may be altered by it at any time.

E. Faculty Discipline Committee Procedures. Each Faculty Discipline Committee shall, pursuant to Section 61(b) of the Bylaws of the University, file its own additional written rules of procedure with the Secretary of the University. Revisions to such procedures shall be promptly forwarded to the Secretary of the University.

F. Appeals.

1. A student shall have the right to appeal the decision of the hearing panel in any case involving Senate jurisdiction on the ground that the decision or the proceedings at the hearing were arbitrary or unfair. In cases of faculty jurisdiction, the right of appeal shall be that provided by the rules of the particular faculty.

2. In Senate cases the following appeal procedures shall apply.

a. Whenever the sanction of suspension or dismissal shall have been imposed in a Senate case, the appeal shall lie to the faculty of the school in which the student is enrolled.

b. In all other cases of Senate jurisdiction, the appeal shall lie to the University Judicial Board. A four-member panel consisting of one student, one faculty member, one Dean, and one member of the Administrative Management Council, none of whom shall have served on the panel that conducted the hearing in the case, shall hear the appeal.

c. Any appeal must be taken within fifteen (15) calendar days from the date on which the final report of the hearing body was sent to the student. The appeal shall be taken by the filing of a written notice requesting an appeal with the Dean of the school in cases involving the imposition of the sanction of suspension or dismissal or with the Chairman of the University Judicial Board in other cases.

d. The hearing body that has imposed a sanction may stay the sanction pending an appeal. The appellate body shall have the power to stay the sanction imposed by the hearing body but may not vacate the stay granted by the hearing body.

e. The appellate process shall not consist of a new hearing and shall be limited to a review of the report of and proceedings before the hearing body. The appellate body may accept the report but reduce the sanction imposed; dismiss one or more of the charges entirely; or remand the case for further proceedings. When the appellate body accepts the report, the master shall be deemed finally decided without further recourse as of right.

f. Upon the discovery of new previously unavailable evidence, which might have had a substantial bearing on the decision rendered, the hearing body may reconsider the case.

III. Disciplinary Sanctions

A. The decision of a hearing body, in all circumstances, shall be discretionary, shall include what entry shall be made on the record of the student, and may include any one or more of the following sanctions:

1. Warning.

Notice to the student, orally or in writing, that continuation or repetition of the conduct found wrongful, or participation in similar conduct, within a period of time stated in the warning, shall be a cause for disciplinary action.

2. **Censure.**
Written reprimand for violation of specified regulation, including the possibility of more severe disciplinary sanction in the event of conviction for the violation of a University regulation within a period of time stated in the letter of reprimand.

3. **Disciplinary Probation.**
Exclusion from participation in privileges or extracurricular University activities as set forth in the notice of disciplinary probation for a specified period of time.

4. **Restitution.**
Reimbursement for damage to or misappropriation of property. Reimbursement may take the form of appropriate service to repair or otherwise compensate for damages.

5. **Monetary Fine.**
For any offenses.

6. **Suspension.**
Exclusion from classes and other privileges or extracurricular activities as set forth in the notice of suspension for a definite period of time.

7. **Dismissal.**
Termination of student status for an indefinite period. The conditions for readmission, if any are permitted, shall be stated by the panel in the order of dismissal.

B. A student who has been suspended and who is found "not guilty" shall be allowed full opportunity to make up whatever work was missed due to the suspension.

C. No record of the disciplinary proceeding will be entered in the student's file unless a final disciplinary sanction is found to be warranted.

**Student Grievance Procedure**
Articles I, IV, V, VI, and VII below shall be applicable to all of the schools of New York University. Article II and Article III shall also be applicable to each school unless and until a school adopts and files with the Secretary's Office procedures for the equivalent stages. To ensure compliance with the law and integration with the final appeal level, the procedures adopted by a school shall meet the following requirements:

a. Any written document required by the procedures shall be filed with the Office of the Executive Assistant to the President, and the procedures shall provide that information regarding grievance procedures can be obtained there.

b. Each decision level shall render a decision to the grievant within fifteen (15) working days of the day when the matter was referred to that level, and the decision of the highest decision level shall be in writing.

c. A grievant shall provide the school's highest decision body, if he or she appeals to it, with a written complaint. The complaint shall state the written policy of the school or University that has allegedly been violated, describe the facts and evidence supporting the alleged violations, indicate what redress the grievant seeks, and provide a brief history of the attempts to resolve the grievance.

d. Every publication of the school's grievance procedures shall include this document.

I. **Coverage.**
These grievance procedures are available to any New York University student to resolve any grievance involving an alleged violation directly affecting that student, by any member of the University community while acting in an official capacity, of any of the written policies of the University or the school in which the student is enrolled.

II. **Informal Resolution.**
Students wishing to grieve an alleged violation of the University's policies shall first contact, within twenty (20) working days of any occurrence giving rise to the grievance or the time they could reasonably have learned of such occurrence, the person responsible for the matter being grieved (the respondent) and attempt to resolve the grievance informally. Students uncertain about how to proceed may consult the Office of the Executive Assistant to the President who shall identify the appropriate person. At the request of the grievant or respondent, the ombudsperson in the school in which the student is enrolled (if there is one, otherwise the Executive Assistant to the President) shall arrange for a meeting of the parties, attend such meeting(s), and attempt to aid in the resolution of the grievance.

III. **Formal Complaint.**
If the grievance is not resolved informally within fifteen (15) working days after the grievant contacted directly the appropriate person to attempt an informal resolution, a student may obtain review by submitting a written complaint within twenty (20) working days of the first direct contact to the Office of the Executive Assistant to the President, the respondent, and the appropriate University appeal officer. The complaint shall state the University policy that allegedly has been violated, describe the facts and evidence supporting the alleged violation, indicate what redress the grievant seeks, and provide a brief history of the attempts to resolve the grievance. The appeal officer, if the grievance arises out of a program or educational activity within a school, shall be the Dean of that school. Otherwise, the appeal officer shall be the highest-ranking University officer other than the President responsible for the subject matter of the grievance. This will generally be the Vice President for Administration, External Affairs, Finance, or Student Affairs, but students in doubt should consult the Office of the Executive Assistant to the President, which shall determine the appropriate appeal officer.

The appeal officer shall meet with the complainant and with such other persons as he or she shall deem appropriate for the purpose of ascertaining the facts and attempting to resolve the complaint; the appeal officer shall render a written decision on the merits to the grievant, the respondent, and the Office of the Executive Assistant to the President.

IV. **University Judicial Board.**
The University Judicial Board is a standing committee of the University Senate. The Board consists of twenty-one members all of whom are members of the Senate including six students who are chosen by the Student Senators Council; six faculty members who are chosen by the Faculty Senators Council; six Deans who are chosen by the Deans Council; and three members chosen by the Administrative Management Council. Any case referred to the Board shall be heard and decided by a four-person panel consisting of one Senator from each constituency. Student and respondent may appeal the decision of the appeal officer, or the highest decision provided for by the school in which the student is enrolled, within ten (10) working days of receiving it, by submitting the decision and the complaint to the chairperson of the University Judicial Board.

The University Judicial Board may dismiss the complaint without a hearing if it determines that there would be no violation of University policy even if the facts alleged by the grievant were true. It shall conduct such proceeding as it deems appropriate, provided that

a. It shall not consider any matters not included in the written complaint. If the committee feels the grievant did not have access to the facts necessary to make his complaint complete when first submitted, the panel of the University Judicial Board may allow the grievant to submit an amended complaint.

b. Both parties shall have access to all documents submitted to the committee and shall have the right to question all witnesses.

c. It shall not hold public sessions unless both parties and a majority of the panel's members agree to do so, and shall not do so without all members present.

d. The grievant may be accompanied by another person before the committee.

The Review Board shall render a written decision within thirty (30) working days of the day it was designated, with copies to the grievant, the respondent, the Office of the Executive Assistant to the President, and the President. The decision shall include findings of fact, a statement of the policy that is alleged to have been violated, an opinion on the validity of the grievance and, if appropriate, remedial recommendations.

NYU000256