# 6

New York University Office of General Counsel
Nancy Kilson (NK 4557), Associate General Counsel
70 Washington Square South, Rm. 1158
New York, New York 10012
Tel.: (212) 998 2258
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AYAL ROSENTHAL,

          Plaintiff,                      08 CV 5338 (LAK)
                                                ECF Case

      v.                                                 **DECLARATION**
                                                   **OF NANCY KILSON**

NEW YORK UNIVERSITY, *et al.*,

          Defendants

---

STATE OF NEW YORK          )
COUNTY OF NEW YORK      ) ss.:
SOUTHERN DISTRICT OF NEW YORK  )

Pursuant to 28 U.SC. § 1746, I hereby declare the following under penalty of perjury:

1. On behalf of Defendants, New York University ("NYU" or the "University"), the NYU Stern School of Business ("Stern") and Dean Thomas F. Cooley ("Dean Cooley") (collectively, "Defendants"), I respectfully submit this Reply Declaration in further support of Defendants' motion for a protective order quashing plaintiff Ayal Rosenthal's 30(b)(6) notice and his notice to depose the University's counsel, Leona Chamberlin, Esq.

2. Contrary to the assertions in the (undated) Declaration of Edward Hernstadt, Esq. on this issue, both documents and testimony that Defendants have produced in discovery make it very clear that this disciplinary matter involving the question whether to confer a Stern degree or instead to dismiss a Stern student was a matter for the Stern faculty to decide, and not subject to

University-wide disciplinary rules. Thus the assertion in paragraph 3 of Mr. Hernstadt's Declaration that there are questions whether University rules or Stern rules govern and concerning the "interrelationship of those rules" is completely sham. *See, e.g.*, University Bylaws Articles 62 (noting that "[t]he power of suspending or dismissing a student in any school is lodged with the voting faculty of that school") and 63 (noting that "[d]egrees in course are granted by the Board to candidates recommended by the President on certification by a faculty as having fulfilled the requirements for a degree") (copy annexed as Exhibit C).

3. Mr. Hernstadt has already deposed three NYU witnesses (Deans Thomas Cooley and Gary Fraser and Thomas Grace) concerning the rules, policies and procedures that Stern applied to Mr. Rosenthal. The Rule 30(b)(6) notice, however, purports to call for much more, and on its face calls for information about many other students throughout any and all of the 14 schools and colleges of New York University. This information is both impossible to gather so as to educate a 30(b)(6) witness in any reasonable time frame and not relevant to this case. Compliance would also present significant issues under the Family Educational Rights and Privacy Act, 20 U.S.C. §1232(g). To the extent Mr. Rosenthal truly seeks information about his own case only, compliance would require reappearance by Dean Cooley and/or Dean Fraser, to again answer questions that Mr. Hernstadt has already posed to each of them repeatedly to an extent that borders on harassment. To avoid more of the same, we will designate the existing testimony that explains the rules Stern applied to Rosenthal pursuant to Rule 30(b)(6).

4. The suggestion that Rosenthal should depose Leona Chamberlin concerning an issue of jurisdiction is equally unsupportable. It is no secret that the University concluded that it had jurisdiction to discipline Rosenthal; otherwise, this lawsuit would not exist. That the University

consulted its counsel's office before resolving this issue does not entitle Rosenthal to discover the resulting advice, however.

5. Mr. Hernstadt is entirely incorrect in his suggestion that the University's rules require disclosure of that information. The rule in question, which Mr. Hernstadt has not seen fit to place before the Court, would apply *if* there were a question whether Rosenthal's case came "within faculty or [University] Senate jurisdiction . . . ." *Student's Guide*, Student Disciplinary Procedures, § I.C.1. There was never such an issue here, however. University Senate jurisdiction extends to various specified cases that do not concern individual schools or colleges. *Id.*, § I.B.1-6. The disciplinary proceeding against Mr. Rosenthal, by contrast, concerned the question whether he should receive a Stern degree, a matter relegated solely to the Stern faculty. There was never any reason for the University's counsel to opine on whether this question was possibly subject to the jurisdiction of the University Senate. There is, therefore, no obligation to disclose counsel's decision to Rosenthal. *See Student's Guide* excerpt attached as Exhibit D.

6. Like anyone else, NYU and Stern are entitled to invoke attorney client privilege, and there is no reason why Rosenthal is entitled to invade that privilege in this case.

7. For the foregoing reasons, this Court should enter an order vacating Rosenthal's Rule 30(b)(6) deposition notice and his notice to depose Leona Chamberlin, Esq.

Pursuant to 28 U.S.C. § 1746, I hereby declare that the foregoing is true and correct. Executed on November 24, 2009.

s/_____
Nancy Kilson

New York University Office of General Counsel
Nancy Kilson (NK 4557), Associate General Counsel
70 Washington Square South, Rm. 1158
New York, New York 10012
Tel.: (212) 998 2258
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AYAL ROSENTHAL,

    Plaintiff,

v.

NEW YORK UNIVERSITY, *et al.*,

    Defendants

08 CV 5338 (LAK)
ECF Case

**DECLARATION
OF NANCY KILSON**

---

STATE OF NEW YORK    )
COUNTY OF NEW YORK    ) ss.:
SOUTHERN DISTRICT OF NEW YORK  )

Pursuant to 28 U.SC. § 1746, I hereby declare the following under penalty of perjury:

1. I represent Defendants, New York University ("NYU" or the "University"), the NYU Stern School of Business ("Stern") and Dean Thomas F. Cooley ("Dean Cooley") (collectively, "Defendants"), and hereby renew their motion for a Rule 26(c)(1) protective order, to quash an improper notice for a deposition of Defendants' counsel, Leona Chamberlin, Esq. (the "Chamberlin notice") (Exhibit 1).

2. This Court's December 15, 2009 Order notes that the parties did not previously submit transcripts of the depositions of Deans Thomas Cooley and Gary Fraser of Stern, to which Mr. Hernstadt previously referred. In his undated declaration, Mr. Hernstadt stated that Deans Cooley and Fraser "testified that they turned to Ms. Chamberlin and the Office of University Counsel for a decision about jurisdiction" in this matter. Hernstadt Dec. ¶ 8. The transcripts of the Cooley and Fraser depositions contain no such testimony.

3. Attached as Exhibit 2 are all of the pages of the Cooley deposition that contain references to Ms. Chamberlin, together with relevant portions of the index to the Cooley transcript. Attached as Exhibit 3 are all of the pages of the Fraser deposition containing references to Ms. Chamberlin, together with relevant portions of the index to the Fraser transcript.

4. Dean Fraser testified that he did not speak with Ms. Chamberlin concerning Rosenthal, until he consulted with her and Dean Cooley concerning a February 19, 2008 letter denying Rosenthal's *appeal* from the Dean's (October 25, 2007) decision (Exhibit 1 to the Second Amended Complaint and Exhibit 4, annexed) in Rosenthal's disciplinary case. Fraser Tr. at 121, 316.

5. Dean Cooley's transcript similarly contains no testimony of the kind that Mr. Hernstadt described in his declaration.

6. Indeed, it was not Ms. Chamberlin, but the Stern Judiciary Committee, that decided that there was "jurisdiction" in this case. Following Rosenthal's hearing before the Judiciary Committee, on October 1, 2007, Mel Ochoa, the Chair of the Committee, advised Dean Cooley of Stern that "the Hearing Panel concluded that [the] complaint

: 282639-1                                          2

[against Rosenthal] falls within the Judiciary Committee's jurisdiction," Exh 5, annexed, at 1. (Dean Cooley later noted the Judiciary Committee's "rejection of Rosenthal's contention that it lacked jurisdiction" in his October 25, 2007 letter to Rosenthal. Exh. 4 at 1.)

7. Ms. Chamberlin acted solely as counsel to Stern and the University in this matter. In that capacity, she gave legal advice to various persons within Stern from time to time upon request. Like anyone else, the University and Stern are entitled to consult with counsel without fear that those communications will later be subject to discovery proceedings. Moreover, Ms. Chamberlin's discussions with Stern were not only subject to attorney client privilege, but also to a large extent in anticipation of litigation, which was an obvious threat from the inception of the disciplinary proceedings against Rosenthal.

8. These legal consultations are not properly the subject of a deposition notice. Mr. Hernstadt has not properly suggested otherwise, but has instead mischaracterized the discovery record and facts of which he has been on notice for many months based on documents produced in discovery and/or attached to the complaint.

9. For the foregoing reasons, I respectfully request that this Court issue an Order quashing the notice to conduct Ms. Chamberlin's deposition.

Under penalty of perjury, I hereby declare that the foregoing is true and correct. Executed on December 17, 2009.

s/ _____
Nancy Kilson

7

November 5, 2007

Ayal Rosenthal
98 Walnut Dr.
Tenafly, NJ 07670

Thomas F. Cooley
Henry Kaufman Management Center
44 West Fourth Street, 11-58
New York, NY 10012-1126

Dear Mr. Cooley,

   I received a copy of your letter dated October 25, 2007. Needless to say, I find your decision unacceptable. It is based on incorrect interpretation of the school's rules and regulations, wrong factual allegations, and a severely flawed process.

   In accordance with MBA Judiciary Committee Student Disciplinary Rule 7, I will file an appeal on or before December 1, 2007 (30 calendar days from the date I received of your letter).

   To adequately prepare for my appeal, I respectfully request that you provide me with the following documents:

1. A copy of the charging instrument (i.e., a copy of the complaint against me) and any supporting documents;

2. A copy of all documents drafted, reviewed, and consulted by you, the Faculty, and the MBA Judiciary Committee in rendering your respective decisions;

3. A copy of the relevant NYU and Stern rules and regulations upon which your decision is based, including but not limited to, any rules and/or regulations purportedly conferring jurisdiction upon you, the Faculty, and the MBA Judiciary Committee to render a decision on this matter and recommend the sanctions imposed;

4. The names and contact information for all members of the MBA Judiciary Committee who attended the disciplinary hearing and voted on this matter;

5. The names and contact information for all members of the Faculty who attended the February 22 faculty meeting and voted on this matter;

6. The names and contact information for all members of the Faculty who attended the October 3 faculty meeting and voted on this matter;


PLAINTIFF'S EXHIBIT
25
11/6/09

7. Minutes of all meetings concerning this matter;

8. All documents concerning the decision to confer upon me a Masters of Business Administration degree, and the subsequent award of said degree on January 22, 2007;

9. All documents concerning the University's communications with any government agency regarding this matter; and

10. Any findings of fact or law that have been made by you, the Faculty, the University's Counsel, or the MBA Judiciary Committee concerning this matter.

In addition, please provide me with a list of all instances during the last 10 years where NYU has been aware that a student has been convicted of a crime while attending the University. For each instance, please specify whether the student has been disciplined by the University, and, if so, the outcome of each case.

Sincerely,

Ayal Rosenthal

cc: Oren Rosenthal, Esq.

Leona Chamberlin, Esq.
NYU Office of Legal Counsel