18

Re: [Fwd: [Fwd: Rosenthal Case]]

Subject: Re: [Fwd: [Fwd: Rosenthal Case]]
From: tcooley@stern.nyu.edu
Date: Tue, 17 Apr 2007 22:35:10 +0000
To: Kim Corfman <kcorfman@stern.nyu.edu>
CC: Gary Fraser <gfraser@stern.nyu.edu>

I agree with this.

Tom
Sent from my BlackBerry® wireless handheld

-----Original Message-----
From: Kim Corfman <kcorfman@stern.nyu.edu>
Date: Tue, 17 Apr 2007 17:35:25
To:Thomas Cooley <tcooley@stern.nyu.edu>
Cc:Gary Fraser <gfraser@stern.nyu.edu>
Subject: Re: [Fwd: [Fwd: Rosenthal Case]]

Gary,

   I just spoke with Tom C. and it is my understand that he'd like the following to
be conveyed to the students.  He will let you know directly if I misunderstood.


* The NYU Office of Legal Counsel has the official word on matters of
jurisdiction.  If Lee Chamberlin says there is reason to believe harm was done to
the University (in this case, to the University's reputation) through Rosenthal's
actions, our judiciary process has jurisdiction.
* Our Judiciary Committee's job is to determine a) whether the student's behavior
damaged or endangered the School's reputation and b) what punishment is
appropriate.
* A judiciary process may only rule on behavior that has occurred and the impact of
that behavior on the University.  Therefore, they should only recommend withholding
the degree if they believe the offense warrants that particular punishment.  A
judiciary process may not recommend withholding the degree because they don't want
the damage to be greater.

* If the Committee feels that withholding the degree does not fit the offense,
other penalties might be imposed (e.g., a notation of sanction on the transcript, a
requirement that he take ethics instruction, delaying the degree, etc.).

* If the judiciary process does not result in a recommendation satisfactory to the
School, an administrative process can be invoked.

   Kim


Thomas Cooley wrote: Kim and Gary,

   I don't agree with this. Points 3 and  4 don't make complete sense to me and it is
not consistent with the discussion I had with Lee Chamberlin. Our judiciary
committee should not be asked to assess the amount of damage that has occurred.
They don't have the facts or the expertise to determine that.  The issue is does it
put the school and its reputation at risk and is that risk significant.  That
question they can assess.

   They can also assess whether Mr. Rosenthals actions are consistent with the Stern
Code of Conduct which says "Students are expected in all of their actions to
reflect personal honesty, integrity and respect for others.  I know what I would
conclude but he should have a chance to defend himself.

   Tom



9/9/2009 6:43 PM
NYU000710

Re: [Fwd: [Fwd: Rosenthal Case]]

Kim Corfman wrote: The latest.

-------- Original Message --------
Subject: [Fwd: Rosenthal Case]
Date: Tue, 17 Apr 2007 13:15:48 -0400
From: Kim Corfman &lt;kcorfman@stern.nyu.edu&gt;;:<mailto:kcorfman@stern.nyu.edu>
Reply-To: kcorfman@stern.nyu.edu: <mailto:kcorfman@stern.nyu.edu>
Organization: NYU Stern
To: Gary Fraser &lt;gfraser@stern.nyu.edu&gt;;:<mailto:gfraser@stern.nyu.edu>
CC: Tom Grace &lt;thomas.grace@nyu.edu&gt;;:<mailto:thomas.grace@nyu.edu>, Lee
Chamberlin &lt;leona.chamberlin@nyu.edu&gt;;:<mailto:leona.chamberlin@nyu.edu>

Hi Gary,

I just had a long conversation with Tom Grace and I think I have a clearer picture
of the situation and our options.  (I'm copying Tom, so he can correct me if I'm
wrong.)

* The NYU Office of Legal Counsel has the official word on matters of
jurisdiction.  If Lee Chamberlin says there is reason to believe harm was done to
the University (in this case, to the University's reputation) through Rosenthal's
actions, our judiciary process has jurisdiction.
* Our Judiciary Committee's job is to determine a) to what degree the student's
behavior damaged or endangered the School's reputation and b) what punishment is
appropriate.
* If they feel the damage is minimal, they can recommend that no punishment be
exacted.

* A judiciary process may only rule on behavior that has occurred and the impact of
that behavior on the University.  Therefore, they should only recommend withholding
the degree if they believe the amount of damage he did warrants that particular
punishment. A judiciary process may not recommend withholding the degree because
they don't want the damage to be greater. .

* If the Committee feels that withholding the degree does not fit the offense (in
nature and/or severity), other penalties might be imposed (e.g., a notation of
sanction on the transcript, a requirement that he take ethics instruction, delaying
the degree, etc.).

* If the judiciary process does not result in a recommendation satisfactory to the
School, an administrative process can be invoked.

Gary, would you please make sure the Judiciary Committee understands all this?

Thanks,
Kim

Here are three pertinent sections from the Students Guide to NYU from Tom:

1) From page 222  "Rules of Conduct"

http://www.nyu.edu/students.guide/policies/student_discipline.pdf
   A. All members of the University Community - students, faculty members, and
members of the staff - shall comply with city, state, and federal laws and
ordinances affecting the maintenance of order on University premises.   Students
who engage in behavior that violates these standards will be subject to the
disciplinary process in the following manner:

1.   Conduct that is violative of such laws and ordinances occurring on University
premises may be subject to both University discipline and public sanctions as
circumstances may warrant or dictate.

2.   Conduct that is violative of such laws and ordinances occurring
off-University premises will ordinarily not be subject to University
discipline, unless such conduct a) seriously affects the interests of the

Re: [Fwd: [Fwd: Rosenthal Case]]

University or the position of the member within the University community; or b) occurs in close proximity to University premises and is connected to violative conduct on University premises.

  2) From page 224 "University Policy on Student Conduct".  ( second paragraph of section 2. Rules of Conduct)

  2. Basic Rules of Conduct. Students are expected to conduct themselves as mature and law-abiding members of both the University community and the general community, and to comply with requests of the administrative authorities of the University for maintenance of order on University premises. Behavior which jeopardizes the health or safety of the University community, or disrupts the educational activities and supporting services of the University, is subject to review and possible penalty in accordance with the procedures and practices of the University and its colleges, schools, or divisions.

  Where activities sponsored by student organizations constitute violations of University rules or of public laws and regulations, sanctions may be imposed on such organizations as well as on individual students.

  The University should not use its powers to interfere with the rights of a student outside the University campus. In general, a student's off-campus activities should be subject only to sanctions of the public authorities. Where a student is convicted of a violation of law, he should not be subject to University discipline for the same offense unless his conduct seriously affects his position as a member of the academic community.

  Where a student's conduct on campus constitutes violations of both University rules and public law, he may be subject to both University discipline and public sanctions.

  3) From Page 227 - Resolution of Questions of Jurisdiction in Any Particular Case

  C. Resolution of Questions of Jurisdiction in Any Particular Case. While questions of jurisdiction are not expected to be numerous or difficult, the following procedures shall be used where such questions arise:

  1. Where a question arises as to whether a case should come within faculty or Senate jurisdiction, the question shall be referred for decision to the Office of Legal Counsel of the University.

  2. The decision of the Office of Legal Counsel shall be both telephoned and mailed to each student who is the subject of the same or a similar  complaint as the one in which the question of jurisdiction has been raised, to the Dean of the faculty of each school in which any such student is enrolled and to the Chairman of the University Judicial Board (hereinafter defined).

  3. If either a student who is the subject of a complaint, or the Dean or Chairman of the Disciplinary Committee of a faculty in which such student is enrolled, or the Chairman of the University Judicial Board disagrees with the decision rendered by the Office of Legal Counsel, such person  shall have the right to appeal the decision to the Committee on Organization and Governance of the University Senate.

  4. The Office of the Secretary of the Senate must receive notice of such appeal no later than three days after the initial decision of the Office of Legal Counsel has been communicated to the person taking the appeal. In cases in which the student has been temporarily suspended or dismissed pending disciplinary proceedings, such notice of appeal must be received within eight hours.

  -------- Original Message --------
  Subject: Rosenthal Case
  Date: Tue, 17 Apr 2007 08:57:15 -0400
  From: Kim Corfman &lt;kcorfman@stern.nyu.edu&gt;:<mailto:kcorfman.nyu.edu>
  Reply-To: kcorfman@stern.nyu.edu: <mailto:kcorfman.stern.nyu.edu>
  Organization: NYU Stern
  To: Lee Chamberlin &lt;leona.chamberlin@nyu.edu&gt;:

Re: [Fwd: [Fwd: Rosenthal Case]]

<mailto:leona.chamberlin@nyu.edu> , Tom Grace &lt;thomas.grace@nyu.edu&gt;:
<mailto:thomas.grace@nyu.edu>
  CC: Gary Fraser &lt;gfraser@stern.nyu.edu&gt;::<mailto:gfraser@stern.nyu.edu>

  Dear Lee and Tom, We need your help with this. Tom, you provided very helpful
guidance, which Gary passed along to the Stern Judiciary Committee. As I understand
it, your explanation is that off-campus incidents are only subject to University
disciplinary action when there is a direct effect on the University, including
damage to the University's relationship with an involved external party. Lee, Tom
Cooley's perspective, based on his conversations with you, is that ████████

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████

              At this point, the Judiciary Committee is leaning against taking
the case because they feel no Stern or NYU rule applies. However, they haven't
heard Tom Cooley's interpretation. It would be tremendously helpful to us and to
the process if you would help us reconcile these perspectives. Many thanks, Kim --
Kim P. Corfman Vice Dean for MBA Programs Professor of Marketing Stern School of
Business, New York University Henry Kaufman Management Center, 11-56 New York, NY
10012-1126 212-998-0593, 212-995-4212 (fax)
  -- Kim P. Corfman Vice Dean for MBA Programs Professor of Marketing Stern School
of Business, New York University Henry Kaufman Management Center, 11-56 New York,
NY 10012-1126 212-998-0593, 212-995-4212 (fax)
  -- Kim P. Corfman Vice Dean for MBA Programs Professor of Marketing Stern School
of Business, New York University Henry Kaufman Management Center, 11-56 New York,
NY 10012-1126 212-998-0593, 212-995-4212 (fax)
  -- *********************** Thomas F. Cooley
tcooley@stern.nyu.edu: <mailto:tcooley@stern.nyu.edu>                    Office of
the Dean                                    http://www.stern.nyu.edu/~tcooley:
<http://www.stern.nyu.edu/%7Etcooley>Stern School of Business New York University
44 West Fourth St., Suite 11-58 New York, NY 10012-1126 (212) 998-0870 (212)
995-4212 Facsimile
  -- Kim P. Corfman Vice Dean for MBA Programs Professor of Marketing Stern School
of Business, New York University Henry Kaufman Management Center, 11-56 New York,
NY 10012-1126 212-998-0593, 212-995-4212 (fax)

Re: [Fwd: [Fwd: Rosenthal Case]]

**Subject:** Re: [Fwd: [Fwd: Rosenthal Case]]
**From:** Kim Corfman <kcorfman@stern.nyu.edu>
**Date:** Tue, 17 Apr 2007 17:35:25 -0400
**To:** Thomas Cooley <tcooley@stern.nyu.edu>
**CC:** Gary Fraser <gfraser@stern.nyu.edu>

Gary,

I just spoke with Tom C. and it is my understand that he'd like the following to be conveyed to the students. He will let you know directly if I misunderstood.

1. The NYU Office of Legal Counsel has the official word on matters of jurisdiction. If Lee Chamberlin says there is reason to believe harm was done to the University (in this case, to the University's reputation) through Rosenthal's actions, our judiciary process has jurisdiction.
2. Our Judiciary Committee's job is to determine *a)* whether the student's behavior damaged or endangered the School's reputation and *b)* what punishment is appropriate.
3. A judiciary process may only rule on behavior that has occurred and the impact of that behavior on the University. Therefore, they should only recommend withholding the degree if they believe the offense warrants that particular punishment. A judiciary process may not recommend withholding the degree because they don't want the damage to be greater.
4. If the Committee feels that withholding the degree does not fit the offense, other penalties might be imposed (e.g., a notation of sanction on the transcript, a requirement that he take ethics instruction, delaying the degree, etc.).
5. If the judiciary process does not result in a recommendation satisfactory to the School, an administrative process can be invoked.

Kim


Thomas Cooley wrote:

> Kim and Gary,
>
> I don't agree with this. Points 3 and 4 don't make complete sense to me and it is not consistent with the discussion I had with Lee Chamberlin. Our judiciary committee should not be asked to assess the amount of damage that has occurred. They don't have the facts or the expertise to determine that. The issue is does it put the school and its reputation at risk and is that risk significant. That question they can assess.
>
> They can also assess whether Mr. Rosenthals actions are consistent with the Stern Code of Conduct which says "Students are expected in all of their actions to reflect personal honesty, integrity and respect for others. I know what I would conclude but he should have a chance to defend himself.
>
> Tom

*[handwritten margin notes:]* basis? basis? Agree.

NYU000704

Re: [Fwd: [Fwd: Rosenthal Case]]

Kim Corfman wrote:

The latest.

------- Original Message -------
Subject:[Fwd: Rosenthal Case]
Date:Tue, 17 Apr 2007 13:15:48 -0400
From:Kim Corfman <kcorfman@stern.nyu.edu>
Reply-To:kcorfman@stern.nyu.edu
Organization:NYU Stern
To:Gary Fraser <gfraser@stern.nyu.edu>
CC:Tom Grace <thomas.grace@nyu.edu>, Lee Chamberlin
<leona.chamberlin@nyu.edu>

Hi Gary,

I just had a long conversation with Tom Grace and I think I have a clearer picture of the situation and our options. (I'm copying Tom, so he can correct me if I'm wrong.)

1. The NYU Office of Legal Counsel has the official word on matters of jurisdiction. If Lee Chamberlin says there is reason to believe harm was done to the University (in this case, to the University's reputation) through Rosenthal's actions, our judiciary process has jurisdiction.

2. Our Judiciary Committee's job is to determine *a)* to what degree the student's behavior damaged or endangered the School's reputation and *b)* what punishment is appropriate.

3. If they feel the damage is minimal, they can recommend that no punishment be exacted.

4. A judiciary process may only rule on behavior that has occurred and the impact of that behavior on the University. Therefore, they should only recommend withholding the degree if they believe the amount of damage he did warrants that particular punishment. A judiciary process may not recommend withholding the degree because they don't want the damage to be greater.

5. If the Committee feels that withholding the degree does not fit the offense (in nature and/or severity), other penalties might be imposed (e.g., a notation of sanction on the transcript, a requirement that he take ethics instruction, delaying the degree, etc.).

6. If the judiciary process does not result in a recommendation satisfactory to the School, an administrative process can be invoked.

Gary, would you please make sure the Judiciary Committee understands all this?

Thanks,
Kim

Here are three pertinent sections from the Students Guide to NYU from Tom:

1) From page 222 "Rules of Conduct"

Re: [Fwd: [Fwd: Rosenthal Case]]

http://www.nyu.edu/students.guide/policies/student_discipline.pdf
A. All members of the University Community - students, faculty members, and members of
the staff - shall comply with city, state, and federal laws and ordinances affecting the
maintenance of order on University premises. . Students who engage in behavior that
violates these standards will be subject to the disciplinary process in the following manner:

1.  Conduct that is violative of such laws and ordinances occurring on University premises
may be subject to both University discipline and public sanctions as circumstances may
warrant or dictate.

2.  Conduct that is violative of such laws and ordinances occurring off-University premises
will ordinarily not be subject to University discipline, unless such conduct a) seriously affects
the interests of the University or the position of the member within the University
community; or b) occurs in close proximity to University premises and is connected to
violative conduct on University premises.

2) From page 224 "University Policy on Student Conduct". ( second paragraph of
section 2. Rules of Conduct)

2. Basic Rules of Conduct. Students are expected to conduct themselves as mature and ·
law-abiding members of both the University community and the general community, and to
comply with requests of the administrative authorities of the University for maintenance of
order on University premises. Behavior which jeopardizes the health or safety of the
University community, or disrupts the educational activities and supporting services of the
University, is subject to review and possible penalty in accordance with the procedures and
practices of the University and its colleges, schools, or divisions.

Where activities sponsored by student organizations constitute violations of University rules
or of public laws and regulations, sanctions may be imposed on such organizations as well as
on individual students. ·

The University should not use its powers to interfere with the rights of a student outside the
University campus. In general, a student's off-campus activities should be subject only to
sanctions of the public authorities. Where a student is convicted of a violation of law, he
should not be subject to University discipline for the same offense unless his conduct
seriously affects his position as a member of the academic community.

Where a student's conduct on campus constitutes violations of both University rules and
public law, he may be subject to both University discipline and public sanctions.

3) From Page 227 - Resolution of Questions of Jurisdiction in Any Particular Case

C. Resolution of Questions of Jurisdiction in Any Particular Case. While questions of
jurisdiction are not expected to be numerous or difficult, the following procedures shall be
used where such questions arise:

1. Where a question arises as to whether a case should come within faculty or Senate

jurisdiction, the question shall be referred for decision to the Office of Legal Counsel of the University.

2. The decision of the Office of Legal Counsel shall be both telephoned and mailed to each student who is the subject of the same or a similar complaint as the one in which the question of jurisdiction has been raised, to the Dean of the faculty of each school in which any such student is enrolled and to the Chairman of the University Judicial Board (hereinafter defined).

3. If either a student who is the subject of a complaint, or the Dean or Chairman of the Disciplinary Committee of a faculty in which such student is enrolled, or the Chairman of the University Judicial Board disagrees with the decision rendered by the Office of Legal Counsel, such person shall have the right to appeal the decision to the Committee on Organization and Governance of the University Senate.

4. The Office of the Secretary of the Senate must receive notice of such appeal no later than three days after the initial decision of the Office of Legal Counsel has been communicated to the person taking the appeal. In cases in which the student has been temporarily suspended or dismissed pending disciplinary proceedings, such notice of appeal must be received within eight hours.

-------- Original Message --------
        Subject:Rosenthal Case
           Date:Tue, 17 Apr 2007 08:57:15 -0400
        From:Kim Corfman <kcorfman@stern.nyu.edu>
     Reply-To:kcorfman@stern.nyu.edu
Organization:NYU Stern
           To:Lee Chamberlin <leona.chamberlin@nyu.edu>, Tom Grace
               <thomas.grace@nyu.edu>
           CC:Gary Fraser <gfraser@stern.nyu.edu>


Dear Lee and Tom,

We need your help with this.

Tom, you provided very helpful guidance, which Gary passed along to the
Stern Judiciary Committee. As I understand it, your explanation is that
off-campus incidents are only subject to University disciplinary action
when there is a direct effect on the University, including damage to the
University's relationship with an involved external party.

Lee, Tom Cooley's perspective, based on his conversations with you, is
that Rosenthal's behavior falls within the domain outlined by Tom
Grace. The student's behavior damages the School's relationship with
the public, including recruiters and potential applicant (and has the
potential to do even more damage if we grant the degree) because it
affects our reputation. We are less credible as an institution that
values integrity and ethical behavior in ourselves and our students if
we give him an MBA degree.

NYU000707

Re: [Fwd: [Fwd: Rosenthal Case]]

At this point, the Judiciary Committee is leaning against taking the
case because they feel no Stern or NYU rule applies.  However, they
haven't heard Tom Cooley's interpretation.

It would be tremendously helpful to us and to the process if you would
help us reconcile these perspectives.

Many thanks,
Kim

--
Kim P. Corfman
Vice Dean for MBA Programs
Professor of Marketing
Stern School of Business, New York University
Henry Kaufman Management Center, 11-56
New York, NY  10012-1126
212-998-0593, 212-995-4212 (fax)

--
Kim P. Corfman
Vice Dean for MBA Programs
Professor of Marketing
Stern School of Business, New York University
Henry Kaufman Management Center, 11-56
New York, NY  10012-1126
212-998-0593, 212-995-4212 (fax)

--
Kim P. Corfman
Vice Dean for MBA Programs
Professor of Marketing
Stern School of Business, New York University
Henry Kaufman Management Center, 11-56
New York, NY  10012-1126
212-998-0593, 212-995-4212 (fax)

--
************************
Thomas F. Cooley
tcooley@stern.nyu.edu
Office of the Dean
http://www.stern.nyu.edu/~tcooley
Stern School of Business
New York University
44 West Fourth St., Suite 11-58
New York, NY 10012-1126
(212) 998-0870
(212) 995-4212 Facsimile

9/9/2009 6:42 PM

NYU000708

Re: [Fwd: [Fwd: Rosenthal Case]]

--
Kim P. Corfman
Vice Dean for MBA Programs
Professor of Marketing
Stern School of Business, New York University
Henry Kaufman Management Center, 11-56
New York, NY  10012-1126
212-998-0593, 212-995-4212 (fax)

9/9/2009 6:42 PM

NYU090709

19

DEC-22-2009  10:25        38054                        38054        P.005/012

## Colvin, Tim

| | |
|---|---|
| From: | Tim Colvin [tim.colvin@gmail.com] |
| Sent: | Tuesday, December 22, 2009 10:25 AM |
| To: | Colvin, Tim |
| Subject: | Fwd: Follow Up to Thursday's Meeting |

---------- Forwarded message ----------
From: Tim Colvin <tim.colvin@gmail.com>
Date: Sat, 21 Apr 2007 11:57:57 -0400
Subject: RE: Follow Up to Thursday's Meeting
To: Amy Margolis <am2474@stern.nyu.edu>

Thanks!

From: Amy Margolis [mailto:am2474@stern.nyu.edu]
Sent: Saturday, April 21, 2007 9:29 AM
To: Gary Fraser
Cc: tim.colvin@stern.nyu.edu
Subject: Follow Up to Thursday's Meeting

Hi Gary,

Tim and I have reviewed the Stern Honor Code/Code of Conduct and are still not 100% sure
as to whether the Rosenthal case is something we should take on. We're still feeling that
this is not within our jurisdiction, but think it best to wait and hear what Lee from
Legal has to say.

On another note, here is a list of professors we would like to recommend for potential
Committee members:

• David Yermack (JD / MBA professor)

• George Smith

• Lawrence White (did a case with us in the fall)

• Walter Ingo (Professional Responsibility)

• Sarah Chiles (Program Director for the Berkley Center & Stern
Alumn)

Please do keep us posted on the case or any other developments. In the meantime, have a
great weekend!

Amy

Amy Margolis
MBA Candidate 2007
NYU Stern School of Business
Mobile: 610-608-1442
Email: am2474@stern.nyu.edu

Sent from my mobile device

1



PLAINTIFF'S
EXHIBIT
41
1/12/10  Ka
PENGAD 800-631-6989
VIN000001

20

38054      P.006/012

## Colvin, Tim

| | |
|---|---|
| From: | Tim Colvin [tim.colvin@gmail.com] |
| Sent: | Tuesday, December 22, 2009 10:26 AM |
| To: | Colvin, Tim |
| Subject: | Fwd: FW: [Fwd: Rosenthal Case] |

--------- Forwarded message ----------
From: Tim Colvin <tim.colvin@gmail.com>
Date: Wed, 9 May 2007 11:59:26 -0400
Subject: [Fwd: Rosenthal Case]
To: Melchior Ochoa <mel.ochoa@stern.nyu.edu>

When we talk, this is the email thread we need to talk about.

The case we're being asked to look at was a student who has already finished his coursework, but has not been given a diploma. He was accused of insider trading, and pled guilty. I think the school does not want to give him a diploma.

They would like us to look into it and make a recommendation. At first, Amy and I did not want to investigate it, so we pushed back, because it did not seem like it fell under our area of responsibility. Recently, however, it has become more clear that NYU Legal wants us to look at it. So I think we have to. Whatever we decide, the final decision won't be ours, it will be Dean Cooley's or someone else's.

Dean Fraser was hoping we could talk to the student within the next few weeks, and that we could pick a random date (say June 5th, when I will be in town), and ask a bunch of people to get together on that date for a hearing.
And we would set up a conference call line on a speakerphone, in case people couldn't be there in person.

Anyway, the whole thing sounds complicated to me, which is why we should talk about it.

Tim

-----Original Message-----
From: Gary Fraser [mailto:gfraser@stern.nyu.edu]
Sent: Monday, May 07, 2007 5:00 PM
To: Lee Chamberlin
Cc: kcorfman@stern.nyu.edu; Tom Grace; Tim Colvin
Subject: Re: [Fwd: Rosenthal Case]

Hi Lee,
I spoke with the NYU Stern Judicial Committee today and I wanted to confirm your stance on this issue for them. Could you provide a response at your earliest convenience? Best, Gary
PS I have cc'd the outgoing chair of the MBA Judiciary Committee, Tim Colvin.

Thomas Grace wrote:

> Kim and Gary,
>
> As I indicated to Kim, these are my opinions/thoughts on the matter.
> *However, any *formal* decision/advice absolutely should come from Lee
> Chamberlin who should be consulted before proceeding.
>
> *Tom
>
>
>
> At 01:15 PM 4/17/2007, Kim Corfman wrote:
>
>> Hi Gary,
>>

1

COLVIN000002



PLAINTIFF'S
EXHIBIT
42
1/12/10   Ka
PENGAD 800-631-6989

>>¦ I just had a long conversation with Tom Grace and I think I have a
>>¦ clearer picture of the situation and our options. (I'm copying Tom,
>>¦ so he can correct me if I'm wrong.)
>>¦
>>¦    1. The NYU Office of Legal Counsel has the official word on
>>¦       matters of jurisdiction. If Lee Chamberlin says there is reason
>>¦       to believe harm was done to the University (in this case, to
>>¦       the University's reputation) through Rosenthal's actions, our
>>¦       judiciary process has jurisdiction.
>>¦    2. Our Judiciary Committee's job is to determine */a)/* to what
>>¦       degree the student's behavior damaged or endangered the
>>¦       School's reputation and */b)/* what punishment is appropriate.
>>¦    3. If they feel the damage is minimal, they can recommend that no
>>¦       punishment be exacted.
>>¦    4. A judiciary process may only rule on behavior that has occurred
>>¦       and the impact of that behavior on the University. Therefore,
>>¦       they should only recommend withholding the degree if they
>>¦       believe the amount of damage he did warrants that particular
>>¦       punishment. A judiciary process may not recommend withholding
>>¦       the degree because they don't want the damage to be greater.
>>¦    5. If the Committee feels that withholding the degree does not fit
>>¦       the offense (in nature and/or severity), other penalties might
>>¦       be imposed (e.g., a notation of sanction on the transcript, a
>>¦       requirement that he take ethics instruction, delaying the
>>¦       degree, etc.).
>>¦    6. If the judiciary process does not result in a recommendation
>>¦       satisfactory to the School, an administrative process can be
>>¦       invoked.
>>¦
>>¦ Gary, would you please make sure the Judiciary Committee understands
>>¦ all this?
>>¦
>>¦ Thanks,
>>¦ Kim
>>¦
>>¦ Here are three pertinent sections from the Students Guide to NYU from
>>¦ Tom:
>>¦
>>¦ *1) From page 222 "Rules of Conduct"*
>>¦
>>¦ http://www.nyu.edu/students.guide/policies/student_discipline.pdf
>>¦ A. All members of the University Community - students, faculty
>>¦ members, and members of the staff - shall comply with city, state,
>>¦ and federal laws and ordinances affecting the maintenance of order on
>>¦ University premises. Students who engage in behavior that violates
>>¦ these standards will be subject to the disciplinary process in the
>>¦ following manner:
>>¦
>>¦ 1. Conduct that is violative of such laws and ordinances occurring on
>>¦ University premises may be subject to both University discipline and
>>¦ public sanctions as circumstances may warrant or dictate.
>>¦
>>¦ 2. Conduct that is violative of such laws and ordinances occurring
>>¦ off-University premises will ordinarily not be subject to University
>>¦ discipline, unless such conduct a) seriously affects the interests of
>>¦ the University or the position of the member within the University
>>¦ community; or b) occurs in close proximity to University premises and
>>¦ is connected to violative conduct on University premises.
>>¦
>>¦ *2) From page 224 "University Policy on Student Conduct". ( second
>>¦ paragraph of section 2. Rules of Conduct)*
>>¦
>>¦ 2. Basic Rules of Conduct. Students are expected to conduct
>>¦ themselves as mature and law-abiding members of both the University
>>¦ community and the general community, and to comply with requests of
>>¦ the administrative authorities of the University for maintenance of
>>¦ order on University premises. Behavior which jeopardizes the health

2

COLVIN000003

>> or safety of the University community, or disrupts the educational
>> activities and supporting functions of the University, is subject to
>> review and possible penalties in accordance with the procedures and
>> practices of the University and its colleges, schools, or divisions.
>>
>> Where activities sponsored by student organizations constitute
>> violations of University rules or of public laws and regulations,
>> sanctions may be imposed on such organizations as well as on
>> individual students.
>>
>> The University should not use its powers to interfere with the rights
>> of a student outside the University campus. In general, a student's
>> off-campus activities should be subject only to sanctions of the
>> public authorities. Where a student is convicted of a violation of
>> law, he should not be subject to University discipline for the same
>> offense unless his conduct seriously affects his position as a member
>> of the academic community.
>>
>> Where a student's conduct on campus constitutes violations of both
>> University rules and public law, he may be subject to both University
>> discipline and public sanctions.
>>
>> *3) From Page 227 -* *Resolution of Questions of Jurisdiction in Any
>> Particular Case*
>>
>> C. Resolution of Questions of Jurisdiction in Any Particular Case.
>> While questions of jurisdiction are not expected to be numerous or
>> difficult, the following procedures shall be used where such
>> questions arise:
>>
>> 1. Where a question arises as to whether a case should come within
>> faculty or Senate jurisdiction, the question shall be referred for
>> decision to the Office of Legal Counsel of the University.
>>
>> 2. The decision of the Office of Legal Counsel shall be both
>> telephoned and mailed to each student who is the subject of the same
>> or a similar complaint as the one in which the question of
>> jurisdiction has been raised, to the Dean of the faculty of each
>> school in which any such student is enrolled and to the Chairman of
>> the University Judicial Board (hereinafter defined).
>>
>> 3. If either a student who is the subject of a complaint, or the Dean
>> or Chairman of the Disciplinary Committee of a faculty in which such
>> student is enrolled, or the Chairman of the University Judicial Board
>> disagrees with the decision rendered by the Office of Legal Counsel,
>> such person shall have the right to appeal the decision to the
>> Committee on Organization and Governance of the University Senate.
>>
>> 4. The Office of the Secretary of the Senate must receive notice of
>> such appeal no later than three days after the initial decision of
>> the Office of Legal Counsel has been communicated to the person
>> taking the appeal. In cases in which the student has been temporarily
>> suspended or dismissed pending disciplinary proceedings, such notice
>> of appeal must be received within eight hours.
>>
>>
>> -------- Original Message --------
>> Subject: Rosenthal Case
>> Date: Tue, 17 Apr 2007 08:57:15 -0400
>> From: Kim Corfman <kcorfman@stern.nyu.edu>
>> <mailto:kcorfman@stern.nyu.edu>
>> Reply-To: kcorfman@stern.nyu.edu <mailto:kcorfman@stern.nyu.edu>
>> Organization: NYU Stern
>> To: Lee Chamberlin <leona.chamberlin@nyu.edu>
>> <mailto:leona.chamberlin@nyu.edu>, Tom Grace <thomas.grace@nyu.edu>
>> <mailto:thomas.grace@nyu.edu>
>> CC: Gary Fraser <gfraser@stern.nyu.edu>

3

COLVIN000004

REDACTED COPY

>> <mailto:gfraser@stern.nyu.edu>
>>
>>
>>
>> Dear Lee and Tom,
>>
>> We need your help with this.
>>
>> Tom, you provided very helpful guidance, which Gary passed along to
>> the Stern Judiciary Committee. As I understand it, your explanation
>> is that off-campus incidents are only subject to University
>> disciplinary action when there is a direct effect on the University,
>> including damage to the University's relationship with an involved
>> external party.
>>
>> Lee, Tom Cooley's perspective, based on his conversations with you, is
>> that

>> At this point, the Judiciary Committee is leaning against taking the
>> case because they feel no Stern or NYU rule applies. However, they
>> haven't heard Tom Cooley's interpretation.
>>
>> It would be tremendously helpful to us and to the process if you would
>> help us reconcile these perspectives.
>>
>> Many thanks,
>> Kim
>>
>> --
>> Kim P. Corfman
>> Vice Dean for MBA Programs
>> Professor of Marketing
>> Stern School of Business, New York University Henry Kaufman Management
>> Center, 11-56 New York, NY  10012-1126 212-998-0593, 212-995-4212
>> (fax)
>>
>>
>>
>>
>>
>>
>> --
>> Kim P. Corfman
>> Vice Dean for MBA Programs
>> Professor of Marketing
>> Stern School of Business, New York University Henry Kaufman Management
>> Center, 11-56 New York, NY  10012-1126 212-998-0593, 212-995-4212
>> (fax)
>>
>>

--
*Gary Fraser/*
/Dean of Students
Associate Dean of MBA Student Affairs/
NYU Stern School of Business
Tel: 212-998-0993

4

COLVIN000005

Sent from my mobile device

Tim Colvin, +1 347-596-3626

s

COLVIN000006