



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AYAL ROSENTHAL,

                    Plaintiff,

              -v-

NEW YORK UNIVERSITY, NEW YORK
UNIVERSITY LEONARD N. STERN SCHOOL
OF BUSINESS, and THOMAS F. COOLEY,
Richard R. West Dean of the Leonard N. Stern
School of Business,

                    Defendants.
-----------------------------------------------------------------X

08 Civ. 5338 (LAK)
ECF Case

## JOINT PRE-TRIAL STATEMENT

The undersigned attorneys hereby affirm that this Joint Pre-Trial

Statement is submitted in conformity with the Individual Rules of Judge Lewis A.

Kaplan.

### I.    NATURE OF THE CASE

Plaintiff Ayal Rosenthal sued defendants New York University ("NYU"),

the NYU Stern School of Business ("Stern" or "Stern School"), and then Stern School

Dean Thomas Cooley alleging that the defendants' conduct in prosecuting a faculty

complaint against him as a result of a guilty plea violated his rights under applicable

procedures and constitutes a breach of contract and/or, in the alternative, is a

determination by defendants against plaintiff that requires relief under New York Civil

Practice and Rules Article 78.[1]

---

[1]    Claims in the Second Amended Complaint other than Counts 4-7 have
either been dismissed by the Court or, by service of a draft pretrial order on February 1,
2010, withdrawn by the plaintiff.

Defendants contend that plaintiff's assertions of procedural violation and contract breach are without merit and that there has been no Article 78 violation. Defendants further contend that the decision not to confer a degree on Rosenthal was committed to the discretion of NYU and Stern. Defendants seek dismissal of the complaint in all respects, on the merits and with prejudice.

## II.    JURY/NON-JURY CASE

This case is a non-jury case. Plaintiff estimates the length of trial is four days; defendants estimate the length trial is three days.

## III.    STIPULATED FACTS

The parties have been unable to agree on stipulations.

## IV.    PARTIES' CONTENTIONS AS TO ULTIMATE ISSUES OF FACT AND LAW

A,    Plaintiff's Contentions:

1.    Rosenthal complied with all of his contractual obligations and responsibilities to NYU and the Stern School.

2.    Rosenthal's unlawful conduct did not seriously affect his status as a member of the NYU academic community.

3.    The Stern Honor Code, Stern Code of Conduct, and Stern Student Disciplinary Rules are all subject to the jurisdictional policies and restrictions set forth in the NYU University Policy on Student Conduct and the NYU Student Disciplinary Procedures.

4.    No jurisdiction existed under NYU procedures and rules to conduct a disciplinary proceeding or to impose any discipline against Rosenthal.

5.      Defendants violated their own rules and procedures in pursuing a disciplinary action against Rosenthal.

6.      Defendants NYU and Stern did not substantially comply with the applicable disciplinary policies, rules, and procedures in the course of the disciplinary proceedings against Rosenthal.

7.      The decision to discipline Rosenthal was not an academic decision, as the alleged violation was not related to Rosenthal's course work or academic performance.

8.      Defendants conduct constitutes a breach of the contract between Rosenthal and NYU/Stern School.

9.      Defendants acted in bad faith in their dealings with Rosenthal.

10.     The decision that Rosenthal violated Stern School rules was arbitrary and capricious, was affected by an error of law, and was not supported by substantial evidence.

11.     NYU and Stern acted in excess of jurisdiction in disciplining Rosenthal.

12.     The punishment imposed on Rosenthal was excessive under the circumstances.

B.      Defendants' Contentions:

1.      Rosenthal failed to abide by his obligations under the MBA Code of Conduct. In addition, he failed to deal honestly with NYU and Stern by attempting to conceal his crime until after he could receive a degree.

2.      Rosenthal's conduct reflected a lack of honesty, integrity and respect for the rights of others which is inconsistent with Stern's expectations of all MBA students.

3.    NYU Policy dictates that Stern's disciplinary rules, policies and procedures take precedence in cases such as this.

4.    NYU and Stern had jurisdiction to discipline Rosenthal as a matriculated and continuing Stern student.

5.    The discipline imposed on Rosenthal was both substantially consistent with the applicable procedures and within the discretion of the Stern faculty as an academic matter.

6.    Because Defendants substantially complied with the applicable procedures, there is no basis for Rosenthal's claims under Article 78.

7.    Like any other college or university, Stern was entitled to consider Rosenthal's dishonesty and failure to comply with ethical norms in deciding as an academic matter whether to confer a degree upon him.

8.    NYU and Stern fully satisfied their contractual obligations to Rosenthal. Dean Cooley had no contractual relationship with Rosenthal.

9.    There is no basis whatsoever for Rosenthal's allegation of bad faith.

10.    The punishment imposed on Rosenthal is neither shocking nor unfair.

11.    Defendants substantially complied with the applicable disciplinary rules in deciding not to confer the MBA degree on Rosenthal.

12.    The decision not to confer the MBA degree on Rosenthal was in part an academic decision which is committed to Defendants' discretion. The decision should be upheld on this basis alone.

13.    Defendants were fully entitled to subject Rosenthal to discipline and to decide to not confer his degree, because he was a matriculated and continuing student

both when he committed his underlying crime and when Defendants decided not to confer the degree.

14.     The decision not to confer Rosenthal's degree was neither arbitrary, capricious, nor an abuse of discretion.

15.     Rosenthal's guilty plea establishes more than substantial evidence to support the discipline imposed on him.

16.     The law of the case doctrine bars any remaining claims in the Second Amended Complaint.

V.     **ISSUES TO BE TRIED**

Plaintiff contends that the following are the issues to be tried:

1.     Whether defendants' conduct in pursuing a disciplinary complaint against plaintiff Ayal Rosenthal in connection with his guilty plea to conscious avoidance of federal securities law when there was no jurisdiction to do so under NYU Rules and Procedures was a breach of defendants' contractual obligations to Rosenthal.

2.     Whether defendants' conduct in denying Rosenthal many of the essential due process and procedural rights to which he was entitled under NYU Rules and Procedures in connection with defendants' investigating and conducting a disciplinary hearing regarding the faculty complaint lodged against plaintiff Ayal Rosenthal breached their contractual obligations to Rosenthal.

3.     Whether the determination by defendants not to confer an MBA degree upon Rosenthal was undertaken without or in an excess of jurisdiction and plaintiff is entitled to relief under New York CPLR § 7803(2).

4.      Whether defendants' conduct, and/or the determination they reached not to recommend Rosenthal to the NYU Board to be awarded an MBA degree was arbitrary and capricious or an abuse of discretion with respect to the process utilized, the results reached, or the punishment meted out and plaintiff is entitled to relief under New York CPLR § 7803(3).

5.      Whether the determination by defendants not to recommend Rosenthal to the NYU Board to be awarded an MBA degree Defendants' conduct set forth above resulted in a determination and a punishment that was not, on the entire record, supported by substantial evidence and was undertaken without or in an excess of jurisdiction and plaintiff is entitled to relief under New York CPLR § 7803(4).

Defendants disagree with Plaintiff's characterization of the facts for purposes of his formulation of issues to be tried, and contend that there are no triable issues of fact.

## VI.    PLAINITFF'S EXHIBITS

| Exhibit No. | Description | Objection(s) | Plaintiffs' Response |
|---|---|---|---|
| 1 | Letter Cooley-Rosenthal 1/31/07 (NYU 54) | | |
| 2 | Letter Gordon-Rosenthal 2/1/07, with academic transcript (NYU 55-6) | | |
| 3 | Buchanan Email 2/11/07 (NYU 599-604) | | |
| 4 | Cooley email 2/11/07 (NYU 605-6) | | |
| 5 | Minutes of Stern School Vice Dean's Meeting 2/12/07 (NYU 389-90) | | |
| 6 | Corfman email 2/12/07 (NYU 748-53) | | |

| | | | |
|---|---|---|---|
| 7 | Corfman email 2/13/07 (NYU 717) | | |
| 8 | Rubin email 2/13/07 (NYU 802) | | |
| 9 | Minutes of Stern School Faculty meeting 2/22/07 (NYU 1196-97) | Incomplete | Remainder of minutes contain nothing relevant to case |
| 10 | Drafts of faculty complaint with notes (NYU 882, 193-96)) | | |
| 11 | Cooley email 2/23/07 (NYU 884) | | |
| 12 | Faculty complaint (NYU 60-61) | | |
| 13 | Fraser email 3/1/07 (NYU 263) | | |
| 14 | Fraser email (NYU 11-12) | | |
| 15 | Fraser email 4/17/07 (NYU 744-45) | | |
| 16 | Cooley email 4/17/07 (NYU 710-13) | | |
| 17 | Colvin email 4/21/07 (Colvin 1) | | |
| 18 | | | |
| 19 | Colvin email 5/9/07 (Colvin 2-6) | | |
| 20 | Fraser email 5/16/07 (NYU 274) | incomplete | Entire document produced by defendants, page 1 of 1 |
| 21 | Rosenthal Letter (NYU 280-82) | | |
| 22 | Corfman email 6/14/07 (NYU 871-72) | | |
| 23 | Corfman email 7/20/07 (NYU 724) | | |
| 24 | Ochoa email 9/13/07 (NYU 339-46) | | |
| 25 | Ochoa letter 10/1/07 (NYU43-82) | Includes extraneous material | Includes only the material in or attached to the letter |
| 26 | Minutes of Stern School Faculty meeting | | |

| | | | |
|---|---|---|---|
| | 10/3/07 (NYU 245-49) | | |
| 27 | Cooley letter 10/25/07 (NYU 40-42) | | |
| 28 | Rosenthal letter 11/5/07 (NYU 177-78) | hearsay | Not hearsay |
| 29 | Ochoa email 11/14/07 (NYU 354) | | |
| 30 | Cooley letter 11/20/07 (NYU 35-36) | | |
| 31 | Fraser email 12/20/07 (NYU 373) | | |
| 32 | Rosenthal "Appeal" 12/14/07 (NYU 83-189) | Includes hearsay | Document as submitted by plaintiff and produced by defendants. What is hearsay? |
| 33 | Cooley letter 2/19/08 NYU 459-62) | | |
| 34 | NYU Student Guide excerpt (NYU 252-56) | | |
| 35 | Stern School Honor Code, Code of Conduct, Disciplinary Rules (NYU 71-82) | | |
| 36 | NYU Faculty Handbook page 72 (NYU 1064) | | |
| 37 | NYU Rules for Maintenance of Public Order (NYU 1115-19) | | |
| 38 | NYU Bylaws 61-63 (NYU 1171-72) | | |
| 39 | Declaration of Nancy Kilson 11/19/09 | Irrelevant | Contains a party admission |
| 40 | Declaration of Nancy Kilson 11/24/09 | Irrelevant | Contains a party admission |

## DEFENDANTS' EXHIBITS

| Description | Exhibit No. |
|---|---|
| Rosenthal e-mail to King October 11, 2006 (NYU 1202) | DX-A |
| MBA Code of Conduct (NYU 1203) | DX-B |
| Wall Street Journal, 02/09/07 (NYU 379-82) | DX-C |
| NYLJ, 02/09/07 (NYU 191) | DX-D |
| Buchanan e-mail to Cooley, 02/11/07 (NYU 890-95) | DX-E |
| Vice Deans' Meeting Minutes (NYU 389-90) | DX-F |
| Minutes of Faculty Meeting, 02/22/07 (NYU 68-70) | DX-G |
| Letter to Gary Fraser, 02/28/07 (NYU 197-198) | DX-H |
| Gordon e-mail to Fraser (NYU 273) | DX-I |
| Fraser e-mail to MBAJC (NYU 274, 445-47) | DX-J |
| MBAJC e-mail to Rosenthal (R. 1984, R. 1941-43) | DX-K |
| MBAJC e-mail to Rosenthal (R. 1985) | DX-L |
| NYU Code of Ethical Conduct (NYU 289-98) | DX-M |
| MBAJC e-mail to Rosenthal (R. 1966) | DX-N |
| Ochoa e-mail to Rosenthal (R. 1970-71) | DX-O |
| Ochoa e-mail to Rosenthal (R. 1986) | DX-P |
| MBAJC e-mail to Rosenthal (R. 1973-74) | DX-Q |
| MBAJC e-mail to Rosenthal (R. 1975-76) | DX-R |
| Fraser – Ochoa e-mails (NYU 334-35) | DX-S |
| Meeting request (R. 1977) | DX-T |
| Meeting request (R. 1978) | DX-U |
| Meeting request (R. 1979) | DX-V |
| Meeting request (R. 1980) | DX-W |
| May 20, 2007 Ochoa memorandum (NYU 344-46) | DX-X |
| Rosenthal statement (NYU 413-42) | DX-Y |
| Ochoa e-mail to Rosenthal (R. 1988) | DX-Z |
| Ochoa letter to Cooley (NYU 43-44) | DX-AA |
| Judiciary Committee Minutes (NYU 404, NYU 74-82, NYU 60-67, NYU 355-57, NYU 45-52, NYU 54-59) | DX-BB |
| Minutes, October 3, 2007 meeting (NYU 245-49) | DX-CC |
| October 25, 2007 letter from Cooley to Rosenthal (NYU 399-401) | DX-DD |
| Rosenthal appeal (NYU 83-189) | DX-EE |
| Cooley letter to Rosenthal (R. 1962-65) | DX-FF |
| January 2007 Stern MBA graduates (NYU 903-07) | DX-GG |
| Transcript of guilty plea hearing (NYU 221-44) | DX-HH |
| Student's Guide (NYU 252-56) | DX-II |
| MBA Honor Code, etc. (NYU 71-82) | DX-JJ |
| Aragon Checks (Rosenthal Dep. Exh. 26) | DX-KK |
| Information (Rosenthal Dep. Exh. 8) | DX-LL |
| PwC Termination Letter (Rosenthal Dep. Exh. 6) | DX-MM |

| Sentencing Hearing Transcript (Rosenthal Dep. Exh. 11) | DX-NN |
| SEC Amended Complaint (Rosenthal Dep. Exh. 14) | DX-OO |
| Rosenthal Answer (Rosenthal Dep. Exh. 15) | DX-PP |
| Maas Decision | DX-QQ |
| Meeting request (NYU 154) (Rosenthal Dep. Exh. 16) | DX-RR |
| Subpoena to PricewaterhouseCoopers from SEC | DX-SS |
| NYU Bylaws | DX-TT |
| Faculty Complaint, 2/28/07 | DX-UU |
| PwC Memo (R 6129-6134) | DX-VV |
| Memo (NYU 270-72) | DX-WW |
| Information in *USA v. Zvi Rosenthal, Amir Rosenthal and David Heyman* (07-cr-069) (JG) | DX-XX |

## VII.    PLAINTIFFS OBJECTIONS TO DEFENDANTS' EXHIBITS

Exhibit A:      Not an email, document is not as described.

Exhibit C:      Object to NYU 80-82, contains irrelevant and hearsay reader comments.

Exhibit J:      improperly combines two documents; May 15 memo is not an attachment to email.

Exhibit Y:      Object to NYU 418-42, none of which is a statement by Rosenthal; the Rosenthal statement is 413-417 only.

Exhibit BB:    Object to all documents listed except NYU 404, which is the Judiciary Committee Minutes.

Exhibit GG:    Irrelevant, relates to withdrawn claim.

Exhibit HH:    Relevance, contains extraneous material pertaining to persons other than plaintiff.

Exhibit KK:    Irrelevant to any claim or defense.

Exhibit LL:     Irrelevant, does not pertain to plaintiff.

Exhibit MM:   Object to description: letter is one of resignation, not termination.

Exhibit OO:    Irrelevant to any claim or defense.

Exhibit PP:     Irrelevant to any claim or defense.

Exhibit QQ:    Irrelevant to any claim or defense

Exhibit SS:     Irrelevant to any claim or defense.

## IX.    PLAINTIFF'S WITNESS LIST

1.      Ayal Rosenthal

2.      Thomas Cooley

3.      Thomas Grace

4.      Gary Fraser

5.      Tim Colvin

6.      Melchior Ochoa

7.      Kim Corfman

8.      Lee Chamberlin

## X.      DEFENDANTS' WITNESS LIST

1.      Dean Thomas F. Cooley

2.      Dean Gary Fraser

3.      Melchior Ochoa

4.      Professor Bruce Buchanan

5.      Beth Rubin

6.      Tim Colvin

7.      Dean Kim Corfman

8.      Thomas Grace

9.      Professor Rachel Kowal

10.     Jamila Williams

11.     Debraj Ghosh

12.     Catherine Zhang

13.     Brad Doyle

14.     Andy Cho

15.     Spencer Jones

## XI.      RELIEF SOUGHT

Plaintiff seeks a judgment directing that NYU/the Stern School (i) confer an MBA degree upon Rosenthal, and (ii) ensure that his NYU Stern School transcript reflects the award of an MBA degree as of January 22, 2007. In the alternative, plaintiff seeks a new investigation by the Judiciary Committee, and, if applicable, a hearing, and an award of damages that includes the cost of tuition at the Stern School and other costs damages caused by defendants' breach of contract.

Defendants respectfully request dismissal of the complaint on the merits, with prejudice, and in all respects.

Dated: New York, New York
       February 1, 2010

HERNSTADT ATLAS LLP             NYU OFFICE OF GENERAL COUNSEL

By:  Edward Hernstadt (EH 9569)       By:  Nancy Kilson (NK 4557)
11 Broadway, Suite 615               70 Washington Square South
New York, New York 10004          New York, New York 10012
212-809-2501                     212-998-2258
Attorneys for Plaintiffs             Attorneys for Defendants

U.S.D.J.

: 286717-4            12