Edward Hernstadt (EH 9569)
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
212-809-2501
212-214-0307

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
AYAL ROSENTHAL,

              Plaintiff,                             08-cv-5338 (LAK)
                                                   ECF CASE

      v.

                                                   **DECLARATION OF AYAL**
NEW YORK UNIVERSITY, NEW YORK         **ROSENTHAL IN OPPOSITION**
UNIVERSITY LEONARD N. STERN SCHOOL  **TO DEFENDANTS' MOTION**
OF BUSINESS, and THOMAS F. COOLEY,   **FOR SUMMARY JUDGMENT**
Richard R. West Dean of the Leonard N. Stern
School of Business,

              Defendants
------------------------------------------------------------x

      1.     I am Ayal Rosenthal, the plaintiff in this lawsuit, and I submit this Declaration in opposition to defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.

      2.     As an initial matter, I must correct an error in terminology in my February 1, 2010 Declaration in Support of my Motion for Summary Judgment. In fact, I was not a teaching assistant while a Stern School student, but a Teaching Fellow.

      3.     The term Teaching Fellow and teaching assistant were sometimes used interchangeably, but the actual title for the position was Teaching Fellow, and it was that title that was pleaded in my Complaint in this case and properly utilized in paragraph 7 of the Local Rule 56.1 Statement file in support of my Motion for Summary Judgment.

      4.     I did not receive any salary or any tax documents in connection with

my duties as a Teaching Fellow, and was never informed by anyone at NYU or the Stern School that I was an employee of any kind at Stern. I never received, or was ever informed of, any of the benefits to which part-time NYU employees are apparently entitled. I was never told I was subject to the NYU "Code of Ethical Conduct," and a copy of that was never given to me.

5.      I was became a Teaching Fellow starting in the fall term of 2005 (September 2005) and thereafter acted as a Teaching Fellow in the Spring, Summer and Fall terms of 2006.

6.      Although I was told that I had the right to have an attorney accompany me to the Judiciary Committee disciplinary hearing, when my counsel and I arrived at the September 13, 2007 hearing, we were advised by Dean Fraser that my attorney could not be present in the room with me. I was very concerned about the Committee's refusal to permit me counsel for a number of reasons. First, I had prepared for the hearing with the understanding that my counsel would be there to assist and guide me throughout the hearing. Second, the facts of my illegal conduct had been the subject of a criminal case against me, and there was a civil lawsuit filed by the Securities and Exchange Commission pending in federal court where I was a named defendant. I was therefore deeply worried that I would be asked specific questions about the events and circumstances relating to my guilty plea, and wanted counsel's advice if that arose. I was assured that I would not be asked such questions without the presence of my attorney, who waited outside of the hearing room.

7.      During the hearing itself, however, following my reading of a prepared statement, in which I directly addressed the issues that Melchior Ochoa raised in his memorandum about the case, I was peppered with many questions by Committee members –

particularly the faculty members of the Committee, including numerous questions about the events and circumstances relating to my guilty plea that I had been assured would not be asked.

8. I believe that I was severely prejudiced by the numerous failures by NYU and the Stern School to follow their own rules and procedures, and by the extraordinary delays in my case moving from complaint to hearing to final decision.

I hereby declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

Dated: Tel Aviv, Israel
February 1, 2010

_____
Ayal Rosenthal