Edward Hernstadt (EH 9569)
HERNSTADT ATLAS LLP
11 Broadway, Suite 615
New York, New York 10004
212-809-2501
212-214-0307

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AYAL ROSENTHAL,                              :
                                             :
                    Plaintiff,               :        08-cv-5338 (LAK)
                                             :        ECF CASE
         v.                                  :
                                             :        **REPLY DECLARATION OF**
NEW YORK UNIVERSITY, NEW YORK                :        **EDWARD HERNSTADT**
UNIVERSITY LEONARD N. STERN SCHOOL           :        **IN SUPPORT OF**
OF BUSINESS, and THOMAS F. COOLEY,           :        **PLAINTIFF'S MOTION FOR**
Richard R. West Dean of the Leonard N. Stern :        **SUMMARY JUDGMENT**
School of Business,                          :
                                             :
                    Defendants               :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

      1.        I am counsel to Plaintiff Ayal Rosenthal and submit this Declaration in Opposition to Plaintiff's motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.

      2.        Attached hereto as Exhibit 1 is a copy of the New York University "University Policy Development and Management.

      3.        Attached hereto as Exhibit 2 is a copy of the NYU School of Medicine Code on Student Discipline.

      4.        Attached hereto as Exhibit 3 is a copy of the Wagner Graduate School of Public Service Academic Code.

      5.        Attached hereto as Exhibit 4 is a copy of the NYU School of Law Disciplinary Procedures.

6.    I hereby declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       March 22, 2010

_____
Edward Hernstadt (EH-9569)

# Exhbit 1

# New York University
## UNIVERSITY POLICIES

**Title:**              University Policy Development and Management
**Policy Number:**      01
**Effective Date:**     December 1, 2007
**Issuing Authority:**  Cheryl Mills, Senior Vice President and General Counsel
**Responsible Officer:** Robert F. Roach, University Compliance Officer

## Purpose of the Policy

The purpose of this policy is to ensure that the process of policy development for University-wide policies (hereafter "University Policies"), as well as the form and dissemination of policies, meet University standards for consistency, compliance with laws and regulations, accessibility and understandability. Specifically, this policy guide defines the ultimate steps by which policies are promulgated at New York University ("NYU").

University Policies should be kept current, and made available to all relevant operating units in a timely manner. Policies that are properly developed and easy to find, read and understand promote:
- excellence in our work;
- operational efficiencies and best practices across the University;
- compliance with applicable laws and regulations; and
- compliance with accounting and reporting standards.

## Who Needs to Know This Policy

All staff involved in University Policy development.

## Policy Definitions

### Senior Team

The Senior Team is comprised of those individuals designated by the President, including the University President, Provost, Executive Vice President, Senior Vice President and General Counsel, Senior Vice President for Health, Chief of Staff and Deputy to the President, Senior Vice Provost for Planning, Dean of the Faculty of Arts and Sciences, Senior Vice Provost for Research, Senior Vice President for University Relations and Public Affairs, Counselor to the President, Senior Vice President for Business Development and International Strategies, Senior Vice President for Development and Alumni Relations, Senior Vice President for Undergraduate Education and University Life, Senior Vice President for Finance and Budget, and the Vice Provost for Faculty Affairs. The President may at any time modify the membership of the Senior Team.

1

*University Policy*

Any policy that meets all of the following criteria is a "University Policy":
- has broad application or impact throughout the University across schools and administrative units, including policies whose subject matter or budgetary impact requires review and approval by an executive officer;
- seeks to ensure compliance with applicable laws, regulations and standards, promotion of operational efficiencies, enhancement of the University's mission, or reduction of institutional risks; and
- mandates or constrains actions.

Policies adopted pursuant to the process set forth in this document are intended to apply to University Overseas Programs, except where University Policies supplant or contravene existing foreign laws or regulations. In such instances, University employees should consult with the University's Office of Legal Counsel to determine an appropriate course of action.

*Procedures*

Schools, Colleges, or operating units may have additional policies applicable to those entities and they may adopt implementing procedures that assist them to fulfill University   Policies. Such procedures should refer to the official policy document they seek to implement. Schools, Colleges, or operating units shall provide copies of such implementing procedures to the University Compliance Officer, who will assure their consistency with University Policies.

## University Policy

*Responsibility for Creating Policies*

University Policies may be initiated by individual Schools, business units, the University Senate, members of the Senior Team, or other bodies and individuals as appropriate.

Every University Policy, however, must be sponsored by either a Senior Team member or pursuant to delegation from a Senior Team member to a senior administrator with the responsibility for creating and implementing University Policies as required in his/her area of responsibility. The Senior Team member shall be listed as the Issuing Authority in the header of the standard policy document. In all cases, the Issuing Authority shall designate a specific Responsible Officer, who will be accountable for the accurate and well-articulated formulation, issuance and timely updating of the policy.

*Formulating and Approving a Policy*

2

The procedures for formulating and reviewing University Policies may vary from unit to unit, depending on the primary constituency for the policy, on institutional traditions and bylaws, and on relevant external legal or regulatory constraints. For example, academic policies, in particular those appearing in the Faculty Handbook, are reviewed by the Faculty Senate.

In each case, the policy should include a statement of the scope and issuing authority for the policy, and a legal, regulatory and compliance review by the Office of Legal Counsel and the Office of Compliance at Washington Square and/or the Medical Center, as well as by offices directly responsible for implementing any substantive aspect of the policy. After all relevant reviews have been carried out, the draft policy will be submitted for final review and approval by the Senior Team, and if appropriate by the University Trustees, prior to issuance to the University community.

### Issuance of Policies

The Responsible Officer is charged with issuing, publishing and distributing approved policies and procedures on the appropriate University website pages and by other means as deemed appropriate. The University Compliance Officer shall provide assistance with the Responsible Officer's proper distribution and publication of the policy. The University Compliance Officer is also responsible for creating and maintaining a central University Policy repository and a University Policy website page with links to all University Policies.

### Amendments to University Policies

The Responsible Officer for each University Policy also is charged with the responsibility for keeping the policy up to date. Accordingly, the Responsible Officer should ensure appropriate review of the policy periodically, as necessary to assure that the policy reflects obligations imposed by current laws, regulations, and best practices. The Office of Compliance shall help assure that the Responsible Officer reviews and updates policies as needed. Each policy will include the calendar year in which it was made effective so that it may be reviewed on a timely basis under this policy. Except when the process or authority for making changes to a policy is included in the policy itself, amendments must follow the same process outlined above for initial issuance.

### Unit Policies and Procedures

A School, College, or administrative unit may issue policies or procedures that relate to matters of interest only to that particular School, College or administrative unit or that set forth procedures by which the unit will carry out the University Policies. These shall be referred to generally as "unit policies and procedures." Unit policies and procedures are not "University Policies" and therefore are not governed by the procedures set forth in this policy. Unit policies should be reviewed and approved by the relevant Dean, Unit Head, or appropriate university officer prior to adoption. Units are encouraged to use the standard policy format to encourage uniformity of form and appearance for policies and procedures throughout the University. Schools, Colleges, or operating units shall provide copies of unit

policies and procedures to the University Compliance Officer, who will assure their consistency with University Policies.

### *Supercession*

Unit policies or procedures may not be contrary to University Policies in language, purpose, intent or application. Any unit policy that is contrary to University Policies is void and will not be enforced.

### *Reservation of Rights*

Nothing in this policy limits or circumscribes in any way the power and authority of the Board of Trustees or the President to issue, amend, or revoke University Policies on any matter.

## Notes

**1. Dates of official enactment and amendments:**
Adopted by the University Senior Team on November _____, 2007
**2. History:**
None
**3. Cross References**
None

Appendix A                                                    :

# NEW YORK UNIVERSITY
## UNIVERSITY POLICIES

**Title:**
**Policy Number:**
**Effective Date:**
**Issuing Authority:**
**Responsible Officer:**
**Reasons for the Policy/Policy Purpose:**
**Who needs to know this Policy:**
**Definitions:**
**Policy:**
**Notes:**
**1. Dates of official enactment and amendments:**
**2. History:**
**3. Cross References**

Exhbit 2

## CODE ON STUDENT DISCIPLINE

Medical students are physicians-in-training from the start of medical school. As such, they are expected to uphold and manifest the highest standards of integrity and professionalism.

New York University's "Rules for the Maintenance of Public Order" and "Statement of Policy on Student Conduct" apply to students of the School of Medicine as they do to students of other schools of the University. However, given the unique role of physicians-in-training, the potential impact to a student's future career as a physician, and various state guidelines regarding licensure, the School of Medicine augments the University's "Student Disciplinary Procedures" with its own disciplinary guidelines. Please see the NYU Student's Guide for the University's Policies and Procedures. Also in the NYU Student Guide, the following guidelines have been established for the University: "Guidelines for the Use of University Facilities", "University Policy on Photocopying Copyrighted Materials", "Family Educational Rights and Privacy Act", and "University Policies on Substance Abuse and Alcoholic Beverages". In accordance with these policies, the following student disciplinary procedures are established specifically for the School of Medicine.

### 1. Filing and Notice of Complaint

Any member of the University's faculty, administration, staff, or student body may file a complaint with the Associate Dean for Student Affairs against any student of the School of Medicine for an alleged student offense. All such complaints must be in writing and must be signed by the complainant. Complaints should be submitted as soon as possible after the alleged event takes place. Notice of the filing of the complaint shall be mailed to the student promptly after the Associate Dean for Student Affairs receives the complaint. While offenses which may be subject to disciplinary proceedings are listed in the Student Disciplinary Procedures (Sections IA and IB of the NYU Student Guide), this list is intended to be representative, and not exclusive, in nature.

### 2. Informal Resolution of Complaints

Upon the filing of a complaint, the Associate Dean for Student Affairs or his or her designee(s) shall meet with the student against whom the complaint was made (the respondent) and attempt to resolve the complaint informally, with the consent of the respondent, by such means as the Associate Dean for Student Affairs deems appropriate. If informal resolution by consent fails, or if the complainant requests formal resolution, the matter shall be referred to the School of Medicine Discipline Committee, which shall conduct a hearing on the complaint.

The term "respondent" shall be read as "respondents" in cases where more that one student is accused in a complaint. Similarly, "complainant" shall be read as "complainants" in cases where more than one person joins the complaint.

Exhbit 3

search    🔍

ACADEMIC POLICIES
## ACADEMIC CODE
### A. Introduction

These procedures supplement the Student Disciplinary Procedures of New York University, as approved by the vote of the Wagner school faculty on May 14, 2003.

As permitted under New York University by-laws and disciplinary procedures, the faculty of the Wagner Graduate School of Public Service adopts the following procedures for informal resolution of complaints and for cases of formal student discipline. The procedures described below are not exclusive and are not intended to prevent informal resolution.

### B. Disciplinary Violations

Students of the Wagner School and New York University have joined an academic community that presumes certain behaviors and norms. As members of this community, students are expected to conduct their academic work with the highest integrity and to avoid any behaviors that jeopardize the well-being of others or disrupt educational activities. Accusations of behaviors that constitute disciplinary violations of either academic dishonesty or community offenses are covered by these procedures.

**1. Charges of Academic Dishonesty**
Academic disciplinary violations include, but are not limited to: cheating on exams or assignments, plagiarism, providing your work for someone else to submit as his or her own, collaborating on work intended to be done individually, or forgery of academic documents. Plagiarism consists of presenting ideas or words without adequate acknowledgement of their source and, as with other acts of academic fraud, is a violation based on fact rather than intent. Any of the following acts constitute plagiarism:

**a.** Using a phrase, sentence, or passage from another person's work without quotations marks AND attribution of the source. (Both quotations and attribution are necessary).

**b.** Using text from a source that is rearranged, paraphrased or discussed without attribution to the source;

**c.** Submitting work where a central idea for a section/paragraph is taken from a source, written in the student's own words and not cited in the text;

**d.** Submitting work completed by another (including

Academic Oath

work that was accessed via the internet) copied in its entirety or modified without attribution to the source.

**e.** Submitting your own work towards requirements in more than one class without the explicit prior permission of the instructors.

In addition to the aforementioned examples of plagiarism, below we provide several websites that discuss plagiarism further. For research resources and to help you learn about appropriate citation of the many different sources you will use in your work at Wagner, see <u>Writing</u> under "Academic Services." Resources for understanding and avoiding plagiarism:

- "Plagiarism: What is It and How to Recognize and Avoid It," The Writing Center at Indiana University, <u>www.indiana.edu/~wts/wts/plagiarism.html</u>
- "Principles Regarding Academic Integrity,�? Northwestern University, <u>www.northwestern.edu/uacc/plagiar.html</u>
- "Sources,�? Dartmouth College, <u>www.Dartmouth.edu/~sources/contents.html</u>, and <u>www.aug.edu/sociology/plagiarism.html</u>

**2. Offenses Against the Community**
Offenses against the community are behaviors that jeopardize the physical or emotional health or safety of its members or disrupt educational or Wagner community activities (classroom activities or other official school sponsored events such as town hall meetings). These include, without limitation, damaging premises, interference with access to academic facilities or offices, and physical or other interference with or harassment of others.

## C. Disciplinary Procedures
Complaints can be filed by faculty members, students and administrators and will be fielded by the Chair of the Disciplinary Committee. Upon receiving a complaint, and depending on the nature of the offense and whether informal resolution has already been attempted, the Chair may attempt to resolve matters informally, with the consent of all parties. If informal resolution by consent is not possible for any reason, the Chair will conduct a preliminary investigation to determine whether or not it is necessary to proceed with formal hearings.

If the Chair determines that the complaint warrants proceeding with a formal hearing, the Chair will notify the student (hereinafter the 'student') against whom the complaint was filed in writing of the charges within 48 hours. The written complaint will state the policies that have been alleged to be violated by the Student. The Chair will then create a Hearing Panel from the available Committee members.

**1. Discipline Committee**
The standing Disciplinary Committee will be composed

of a total of five members, with three faculty members
(or two faculty and one administrator)– including the
Chair – and two student members. The two students
will be selected by the Dean's office from a pool of
students either self-nominated or nominated by the
Wagner Student Association. The students will join the
Committee as first-year, second-term students. All
committee members will serve for a minimum of three
semesters, with overlapping, staggered terms.

## 2. The Hearing Panel

The Hearing Panel will consist of three people, including
the Chair (two faculty members and one student or one
faculty member, one administrator and one student).
Any committee members with conflicts of interest
should excuse themselves from serving. In advance of
the hearing, the Chair will present the case materials to
the Hearing Panel. The Chair will also ask that the
complainant and the Student submit the names of all
witnesses that they would like present at the hearing.
The Hearing Panel has the discretion to limit the
number of witnesses appearing at the hearing as it
deems appropriate, and the Chair may request certain
witnesses to attend the hearing and to testify.

## 3. Hearings

The Hearing Panel shall control the conduct of the
hearing proceedings. The Chair shall instruct everyone
participating in the disciplinary proceeding of the
confidentiality of such proceedings.

The hearing shall not be governed by formal rules of
evidence.

Following the hearing, the Hearing Panel shall meet in
closed session. The Hearing Panel shall first vote on
whether the Student has committed the alleged
disciplinary infraction, and then, if necessary, the
Hearing Panel will decide the disciplinary sanction to be
imposed. A majority vote of the Hearing Panel is
necessary for a valid decision.

The Student has the right to have the Hearing Panel
request the presence of a reasonable number of
witnesses on his or her behalf, though the Hearing
Panel cannot compel the attendance of such
witnesses.

A tape-recorded record of the hearing shall be made.
In addition, the Chair shall prepare minutes of the
hearing, which include:

   **a.** A short statement of the charge against the
   Student;
   **b.** A summary of the findings of fact and conclusions
   made by the Hearing Panel;
   **c.** A statement of the decision of the Hearing Panel;
   and
   **d.** The penalty imposed by the Hearing Panel.

The Chair shall inform the Dean of the Hearing Panel's
findings. The Dean shall promptly provide the Student

with a copy of the Hearing Panel's decision, and all appropriate notations in the Student's record shall be made.

### 4. Rights of the Student

The Student has the right to be informed in writing of the charge(s) against him or her and the name(s) of the person(s) who filed the complaint.

The Student has the right to consult with an adviser or counsel of his or her own choosing (who may be an eligible and consenting faculty member) to assist him or her in the preparation of the defense. No member of the Committee or Dean shall be eligible to serve as an adviser under this section. The adviser or counsel may assist the Student in the preparation of the Student's case for the initial hearing and any appeal. The adviser or counsel may also appear at any prehearing and hearing and shall have the right to examine by putting questions directly to the witness, or by asking questions through members of the hearing body. The method shall be determined by the hearing body and may be altered by it at any time.

### 5. Disciplinary Sanctions

The Committee's decision, based on current findings and any record of prior infractions, may include any one or more of the following disciplinary sanctions:

**a.** Warning – Notice to the Student, orally or in writing, that continuation or repetition of the conduct found wrongful, or participation in similar conduct, within a period of time stated in the warning, shall be a cause for disciplinary action.

**b.** Censure – Written reprimand for violation of specified regulation, including the possibility of more severe disciplinary sanction in the event of conviction of another violation of a University regulation within a period of time stated in the reprimand.

**c.** Disciplinary Probation – Exclusion from participation in privileges or extracurricular University activities as set forth in the notice of disciplinary probation. Notification that a more severe disciplinary sanction may be imposed if the Student commits a second disciplinary offense while on disciplinary probation.

**d.** Restitution – Reimbursement for damage to or misappropriation of property. Reimbursement may take the form of appropriate service to repair or otherwise compensate for damages.

**e.** Monetary Fines – For any offenses as determined by the Committee.

**f.** Suspension – Exclusion from classes and other privileges or extracurricular activities as set forth in the notice of suspension.

**g.** Dismissal – Termination of student status for an

indefinite period. The conditions for readmission, if any permitted, shall be stated by the panel in the order of dismissal.

**h**. Expulsion – Permanent termination of a student's status.

**i.** Community Service – Specific service as deemed appropriate given the violation.

### 6. Appeals
Appeals of the Hearing Panel's decision shall be brought to the Dean. The Student may appeal from any adverse determination but only on the grounds that (i) the procedure followed at the hearing deprived the respondent of a fair opportunity to respond adequately to the complaint or (ii) the evidence in the record taken as a whole does not substantially support the Hearing Panel's action. The appeal must be in writing, must state the basis for the appeal, and must be received by the Dean within 20 working days of the date on which the final report of the Hearing Panel was given to the Student. The appeal shall be limited to a review of the record of the hearing, including the Hearing Panel's decision, and of any materials presented as evidence at the hearing. The Dean's decision shall be made within 20 working days of the date on which the Student's appeal was received. The Dean shall have the power to stay the sanction imposed by the Hearing Panel pending the appeal. The Dean shall prepare a written decision on the appeal and may affirm the Hearing Panel's action, modify it in any respect (including the imposition of a more severe sanction), reverse it, or remand the case for further proceedings by the Discipline Committee. Any decision by the Dean, other than a remand, shall be final and binding.

### 7. Recording/Record Keeping
The records of all disciplinary cases, preliminary assessments and hearings shall be kept and maintained by the Chair in a confidential manner. The Committee will keep and maintain such records until all appeals have been completed or the time for an appeal has expired. Student files, at a minimum, shall reflect the Hearing Panel's affirmative findings of a disciplinary infraction while the Student is enrolled at Wagner.

The Committee shall be responsible for preparing an annual reporting summary to ensure that the Wagner community is made generally aware of disciplinary outcomes.

# Exhbit 4

## B. New York University School of Law Disciplinary Procedures
Supplementing Student Disciplinary Procedures of New York University as Approved by Vote of the Law School Faculty on October 27, 1989 and from time to time amended.

### Procedures for Adjudicating Complaints Possibly Justifying Formal Discipline
(Including Acts of Bias and Sexual Harassment)

### Introduction
Pursuant to applicable New York University by-laws and disciplinary procedures, the faculty of the New York University Law School adopts the following Rules for informal resolution of complaints and for cases of formal student discipline. The procedures described below are not exclusive, and are not intended to prevent any potential complainant from resolving a complaint by informal means (through, for instance, the office of the Vice Dean, the Committee on Bias and Harassment, or the Ombudsperson) or to prevent the Dean from acting independently in cases of emergency.

### I.   Procedures for Informal Resolution of Complaints
The procedures specified in Part I of the Rules govern cases subject to informal resolution. Participation in the meetings and referrals specified in the procedures in Part I, applicable to all members of the NYU School of Law community, is voluntary.

#### A. Applicability
Part I of the Rules provides the remedy for complaints which allege bias as defined immediately below.

**Bias:**

1.  Verbal or physical conduct which denigrates any person or group of persons on the grounds of age, disability, ethnicity, gender, marital status, national origin, race, religion, or sexual orientation, and is likely to interfere with the ability of students to participate equally in the pursuit of an education and to enjoy the full freedom of the academic environment.

2.  It is the sense of the faculty that a person should not enter into a sexual relationship with a person during the time that the person has a direct authority over the student conferred by the Law School.

#### B. Initiation of Proceedings

1.  When a complaint of bias, as defined in Paragraph A of this Part, is made to the Vice Dean or Ombudsperson, he or she

    a.  shall describe to the complainant the available means of informal resolution, which may include meetings between the complainant and respondent conducted by the Vice Dean or Ombudsperson and referral to the chair of the Committee on Bias and Harassment and

    b.  may conduct such meetings and make such referrals as the complainant requests.

2.  A matter referred or brought initially to the Committee on Bias and Harassment shall be subject to investigation and possible mediation in accordance with the procedures of that committee.

45

## II.  Procedures for Offenses Requiring Formal Discipline

The procedures specified in Part II of the Rules govern cases of formal student discipline. The procedures described below are not exclusive, and are not intended to prevent any potential complainant from resolving a complaint by the informal means described in the Introduction or in Part I.

### A.  Applicability

The procedures are available for resolution of allegations of the following types of student misconduct, provided that the misconduct is alleged to have occurred on Law School or other University premises, or with the use of Law School or University property or technology, or in the course of Law School or University educational or other business:

1.  Physical assault, intentional acts of physical violence, malicious injury to the property of others, conduct which intentionally or recklessly imperils the safety of any person or of Law School premises, or threats to commit any of the above.

2.  Physically threatening or intimidating, or otherwise harassing, behavior which is overtly and intentionally directed towards a person or group of persons on grounds of ethnicity, gender, national origin, race, religion or sexual orientation.

3.  Sexual harassment: conduct, including sexual assault, that constitutes (a) an attempt, physically or verbally, through threats to coerce a person into a sexual relationship, or that subjects a person to sexual acts, reasonable fear of sexual acts, or sexually charged communications when the actor knows that the acts or communications are unwanted, or (b) encouragement of a person to participate in a sexual relationship through the promise of rewards or threats of penalties which the actor is able to promise or threaten by virtue of an authority conferred by the Law School.

4.  Cheating, plagiarism, forgery of academic documents, or multiple submissions of substantially the same work for duplicate credits, with intent to defraud.  Plagiarism is an academic crime and a serious breach of Law School rules.  Faculty and students are obligated to report cases of plagiarism to the Vice Dean for appropriate action.  Among the possible sanctions for plagiarism are expulsion, suspension, grade reduction (including a grade of "FX" indicating a failure for plagiarism), and a statement of censure placed in the student's file.  All disciplinary code violations will be made available to bar admission committees and others on proper waiver of confidentiality.

    A student's submission of work (including journal submissions) under the student's name constitutes a representation that the research, analysis, and articulation of the work is exclusively that of the student, except as expressly attributed to another in the work, and that it has been prepared exclusively for the particular course, seminar, or use entitling the student to credit.

    Plagiarism occurs when one, either intentionally or through gross negligence, passes off someone else's words as one's own, or presents an idea or product copied or paraphrased from an existing source without giving credit to that source.

    Although not within the definition of plagiarism, it is also forbidden, without permission of the instructor, to submit the same work or a portion of the same work for academic credit in more than one setting, whether the work was previously submitted at this school or elsewhere.

    What follows are some examples-by no means exhaustive-of common situations in which plagiarism (or other conduct prohibited by this policy) has occurred.  These are meant to be purely illustrative and in no sense establish floors or minimal requirements.

- **Example 1:** A student submits work in which portions are copied verbatim from another text without quotation marks and a citation.

- **Example 2:** A student rearranges or paraphrases portions of the copied material, but still fails to put verbatim language in quotations or to cite the source for material that has been paraphrased.

- **Example 3:** A student uses part of a paper previously submitted in another course, without the permission of the instructor to whom the student is submitting the paper.

- **Example 4:** A student relies on the discussion of Source A that is contained in Source B but fails to cite Source B.

- **Example 5:** A student takes notes from various sources onto note cards or a computer; the notes include both verbatim quotes and the student's own thoughts. The student transfers information from the note cards or computer without preserving quotation marks. Even if the student was pressed for time, or wrote the paper hurriedly, plagiarism has occurred.

- **Example 6:** A student downloads work from the Internet and modifies it in important respects to conform to a specific topic without acknowledging the original source.

Students are advised to steer clear of the border line. It is never a problem to recognize that ideas and arguments were derived from another source or to use quotation marks for words or phrases borrowed from someone else's work. Where doubts exist, students should seek advice from their instructor.

5. Intentional disruption of a lecture hall, classroom, or any other premises used for academic purposes.

6. Submission of paper or written work, or portion thereof, for credit, of work that has been previously submitted in identical or similar form in another course, or any other forum, either within the Law School, or any other setting.

7. Theft of library materials, or destruction of all or part of a library book or archival document.

8. Intentional interference with access to lecture halls, classrooms, or academic offices.

9. Intentional physical detention or restraint of a student, instructor, staff member or administrator while that person is attempting to exercise Law School duties.

10. Engaging in any violation of law, or school rule, or other conduct that adversely reflects on fitness as a law student or fitness to practice law.

Law students must also adhere to the University Policy on Student Conduct, and the following procedures may be invoked for alleged violation of those rules. See page 70.

**B. Discipline Committee**

Each year the Dean shall designate five faculty members who shall constitute the Discipline Committee. The Dean shall designate one faculty member of the committee as the chair. The faculty members of the committee shall not be members of the Executive Committee. A hearing panel of the committee shall consist of two of the five faculty members and one

47

student who is a member of the Executive Committee. The faculty members of a hearing panel shall be chosen by the chair and may include the chair. The student member shall be chosen by lot. If the chair of the discipline committee is on the panel, he or she shall chair the panel; otherwise, he or she shall designate a faculty member as chair. If the chair of the committee cannot serve because of a conflict, the senior full-time faculty member on the committee shall be acting chair. The Vice Dean shall give the members of the panel a copy of the charge and the answer.

## C.  Procedures

1.  Any person (a "complainant") may inform the Vice Dean of an apparent violation of the rules contained in Part II (A) or the Rules of Conduct of the University (collectively "a Part A rule") by another person (a "respondent"). A complaint shall be filed in writing not later than 45 days after the complainant knows or reasonably should have known the facts giving rise to the subject of the complaint. In computing these periods, the days between the last day of class in each semester and the first day of class in the following semester shall not be counted. The Vice Dean shall conduct such investigation as is reasonably necessary to determine whether there is reason to believe that a Part A rule has been violated and that a formal or informal response is appropriate. If the Vice Dean determines that the allegations in the complaint warrant an investigation, he or she shall provide the respondent with a copy of the complaint. The investigation shall be completed within 20 days subject to the agreement of the respondent or a majority of faculty members of the Executive Committee to extend the period of the investigation. This investigation may include speaking with the complainant, speaking with other witnesses if any, and speaking with the respondent. The respondent shall be informed that statements offered in this investigation can be used in the investigation and any disciplinary proceeding. After conducting this investigation, the Vice Dean shall proceed as described hereafter. In cases where the perpetrator is unidentified, the Vice Dean shall conduct such investigation as he or she deems appropriate for the purpose of identifying the perpetrator. This investigation shall be completed in 30 days. At the conclusion of such an investigation, the Vice Dean shall inform the complainant of the results of his investigation. A complaint may be filed by any person within 30 days of the conclusion of the investigation. The Vice Dean may designate another member of the tenured faculty to act in his or her stead with regard to the authority given to the Vice Dean in this Part C. If the Vice Dean is the complainant or otherwise has a conflict, the dean shall designate another tenured member of the faculty to perform the duties assigned to the Vice Dean in this Part C.

2.  If after an investigation the Vice Dean concludes that the circumstances do not warrant further action, he or she shall dismiss the complaint and inform the complainant and respondent forthwith. The Vice Dean may make this determination because the facts do not constitute a rules violation, because the allegations lack sufficient credibility, or because in the Vice Dean's discretion no further action is warranted. The Vice Dean may accompany any such decision with an oral or written caution to the respondent and an explanation of the requirements of the rule allegedly violated. Any such caution is not discipline and no record of it shall be kept in the respondent's file. If the Vice Dean decides that no further action is warranted, whether before or after an investigation, the complainant may appeal that decision to the dean within ten days of receiving notice of the Vice Dean's decision. The dean, after reviewing the record and hearing the parties and any witnesses he or she may choose, may affirm the Vice Dean's decision or reverse it. If the dean reverses the Vice Dean's decision, the dean shall appoint a tenured member of the faculty to perform all of the tasks of the Vice Dean hereafter described. Except as provided in this paragraph, a decision of the Vice Dean that no further action is required is not subject to further review.

3.  If after conducting the investigation identified in Paragraph C1 the Vice Dean determines that dismissal is not appropriate, he or she shall attempt to resolve the matter without

48

formal hearing. The respondent may insist on a hearing before the discipline committee at any time after the Vice Dean determines that dismissal is not appropriate (or the dean so decides on appeal of a decision of the Vice Dean to dismiss). Resolution without a hearing will usually entail an agreed statement of facts and a sanction. The Vice Dean shall keep the complainant informed of any progress toward a resolution and shall take the complainant's views into consideration, but the nature of any resolution shall be decided between the Vice Dean and the respondent. In evaluating whether a dismissal is appropriate, and, if not, whether to seek a resolution of the complaint without formal hearing and the nature of the resolution, the Vice Dean may consult with any member of the faculty or administration other than faculty members of the Discipline Committee. A resolution without formal hearing requires the agreement of a majority of the faculty members of the Executive Committee. The respondent may have the assistance of any adviser, whether from inside the law school or not, in negotiation of a resolution or in the event of a formal hearing as hereafter described. If a resolution without a hearing is not possible, the Vice Dean shall proceed as described hereafter.

4. If the matter is not resolved without hearing as described above, the Vice Dean (or his or her designee) shall prosecute the alleged rules violation against the respondent. From this point in the proceeding, the "parties" are the prosecutor and the respondent. If the Vice Dean is not the prosecutor, he or she shall provide the prosecutor with the file and consult as requested by the prosecutor. The complainant and respondent shall be informed of the identity of the prosecutor. The Vice Dean shall notify the chair of the Discipline Committee and he or she shall convene a hearing panel pursuant to paragraph B. The Vice Dean shall provide the hearing panel with a copy of his or her file in the matter, including the results of the investigation, but not the terms proposed for resolving the matter without a hearing. The prosecutor shall prepare a document ("the charge") describing the conduct that allegedly constitutes a rules violation and shall specify the rule violated. The charge shall be served on the respondent in person or by registered or certified mail or an express mail service at the respondent's local address on file with the law school and if school is not in session, at the respondent's permanent address on file with the law school. The charge shall be served within 20 days of the date that the respondent exercises the right to a formal hearing or the faculty members of the Executive Committee or the respondent inform the Vice Dean that a resolution without a formal hearing is not possible. The allegations and the charge shall be deemed denied by the respondent, but the respondent may serve an answer to the allegations in the charge within fourteen days after the charge is served. The answer shall be served on the prosecutor in person or by registered mail or an express mail service to his or her law school office. The answer may simply deny the accusations or specify the respondent's position. The hearing shall commence two weeks after the charge is served or a reasonable time thereafter unless (a) the respondent waives a hearing and the hearing panel concludes that no hearing is needed, or (b) a party shows the discipline committee good cause why the hearing should be postponed, or (c) both parties and the chair of the hearing panel agree to a postponement.

5. Unless otherwise stated in these rules or required by law, all proceedings described in this Part C shall be confidential except for participants to the proceedings and others whose assistance is reasonably necessary to effectuate the purpose of these rules. The respondent may elect in writing to the Vice Dean to waive confidentiality generally or for a particular person or entity. Confidentiality shall not extend to reports to the law school community to the extent described in paragraph 9.

6. The purpose of the hearing is to determine fairly and accurately the facts and the appropriate sanction, if any, in the event a violation of the rules is found. The rules governing the formal hearing shall be interpreted to advance these goals. The hearing shall be conducted according to the following procedures:

**a.** The respondent (and his or her adviser) and the prosecutor shall have the right to be present at the taking of all evidence, to make opening and closing statements, and to be present whenever the other is addressing a member of the discipline panel on the subject of the hearing.

**b.** The panel may pose written questions to the parties and witnesses at the hearing or thereafter, but it does not have the power to compel testimony or production of documents. The faculty strongly urges members of the law school community to cooperate with requests from the hearing panel or from a party, for testimony and production of documents. The panel may draw negative inferences from a party's failure to cooperate.

**c.** All three members of a panel shall be present at the hearing. All actions shall be by majority vote.

**d.** Any hearing panel member may excuse himself or herself sua sponte from hearing a particular charge. Any party may request that a hearing panel member disqualify himself or herself for cause from hearing a charge. Such a request will be resolved by the hearing panel. Each party is also entitled to one peremptory challenge. If, as a result of the exercise of challenges and recusals, there are insufficient replacements to constitute the Discipline Committee, the dean shall designate additional persons so that the hearing panel can be composed of two faculty members and one student.

**e.** The rules of evidence may inform but are not binding on the hearing panel. The parties may present written and oral evidence but each party shall have the right to respond to written evidence submitted by the other. The chair of the hearing panel will determine the mode and order of the parties' presentations. The parties may examine and cross-examine each witness, either by putting questions directly to the witness or by asking questions through members of the hearing panel. The method of questioning is determined by the hearing panel and may be altered by the hearing panel at any time during the hearing. The prosecutor has the burden of production and the burden of persuasion. The standard of proof is clear and convincing evidence.

**f.** The proceedings shall be recorded on audio tape or by such other method (including videotape or stenographic record) as the hearing panel may direct.

**g.** The hearing panel shall make a written report which sets forth findings of fact, together with the hearing panel's conclusions and reasons, within fourteen days of the completion of the hearing. Copies of the report shall be served in person or by certified or registered or express mail on the prosecutor, the respondent (at the addresses in paragraph 4), the respondent's adviser if any, and the Vice Dean (if not the prosecutor).

**h.** If the hearing panel dismisses the charge, the record shall be kept confidential except to the extent that disclosure may be required by law.

**i.** If the charge is sustained in any respect, the hearing panel's report shall designate one or more of the following sanctions, as may be more fully described elsewhere in this handbook including in Section IIIA of the University Student Disciplinary Procedures:
1. **Warning**
2. **Censure**
3. **Denial of academic honors**
4. **Disciplinary probation***

---

* Disciplinary probation is a decision that the underlying conduct will be revisited for a sanction (or a harsher sanction) if the student is found culpable of another infraction under these rules during the remainder of his or her time in school or if the student fails to abide by conditions the panel imposes as part of its sanction

5. Restitution
6. Monetary fine
7. A grade of FX for the class
8. Suspension for a specified period
9. Dismissal
10. Revocation of degree according to University Rules

The panel may also impose one of the listed sanctions but suspend it on condition that the student accepts another sanction not on the list but appropriate in the panel's opinion. If the disciplinary violation is in connection with a class and the panel's sanction does not provide for a grade of FX, the faculty member shall determine the grade for the class. The panel has no authority to impose a grade for the class other than a grade of FX.

7. The investigation and determination described in this Part C shall be conducted with appropriate speed taking into consideration the nature of the charge, the availability of witnesses, and the time of the academic year in which the allegation is made, including whether class is in session and whether examinations are imminent or in progress. In the ordinary course, any hearing before a hearing panel should be held not later than the last day of classes in the semester in which the allegation is made, unless in the opinion of the hearing panel in consultation with the Vice Dean and the parties' further delay is warranted. Time limits contained in this Part C except those in paragraph 1 can be extended by the hearing panel chair for good cause.

8. The respondent may appeal to the Dean from any adverse determination of the hearing panel. Notice of appeal shall be filed with the panel chair, the Vice Dean, and the prosecutor within seven days of the action from which the appeal is taken by registered or certified mail or express mail or in person. Within seven days of receipt of the notice of appeal or such reasonably longer time if necessary to transcribe the record, the panel chair shall forward to the Dean the entire record of the proceedings on the charge. The respondent and the prosecutor may make written submissions to the Dean and reply to the submissions of the other, and may make oral arguments, according to a time schedule the Dean shall determine. Each party has the right to reply to the oral or written submissions of the other party. The Dean may affirm the hearing panel's action, reverse it, or reverse it and return the charge for further proceedings by the hearing panel. In a case where the Dean affirms a hearing panel action sustaining a charge, or where the appeal is limited to the recommended sanction, the Dean may reduce but may not increase the sanction recommended by the hearing panel. If a hearing panel finds against a respondent and its findings or sanction are not appealed as described in this paragraph, they shall be final.

9. The Vice Dean shall prepare an annual written report of any discipline imposed under these rules during the prior academic year and issue it to the faculty and student body at the beginning of each academic year. The report shall generally describe the nature of any violations and sanctions but shall not contain names of parties or witnesses or give details that will identify the parties or witnesses.